ROBBINS GELLER RUDMAN
  & DOWD LLP
JUAN CARLOS SANCHEZ (301834)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>WEBTOON ENTERTAINMENT INC., et al.,<br><br>Defendants. | Case No. 2:24-cv-07553-CBM-RAO<br><br><u>CLASS ACTION</u><br><br>DR. BYUNG-GON SUNG'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS<br><br>DATE:  December 3, 2024<br>TIME:  10:00 a.m.<br>CTRM:  8D<br>JUDGE:  Hon. Consuelo B. Marshall |

4861-7782-4504.v1

## I.    INTRODUCTION

On November 4, 2024, five competing motions were filed by class members seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"): (1) Dr. Byung-Gon Sung (ECF 30); (2) Brett M. Havener (ECF 25); (3) Walter Beck (ECF 39); (4) Haley Kayan The (ECF 21); and (5) Coy Brookman (ECF 18).  Based on information contained in the lead plaintiff motions, Dr. Sung is the "most adequate plaintiff" within the meaning of the PSLRA as he possesses the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  Because all other movants have either withdrawn their motions or filed notices of non-opposition, Dr. Sung's motion is effectively unopposed.[1]

Indeed, with over $168,000 in losses incurred pursuant and/or traceable to the registration statement and prospectus issued in connection with WEBTOON Entertainment Inc.'s June 2024 initial public offering, Dr. Sung undeniably has the largest financial interest in the relief sought by the class, nearly 8 times larger than all movants combined and more than 26 times larger than the remaining movant claiming the second largest loss:

| Movant | Financial Interest |
|---|---|
| Dr. Byung-Gon Sung | $168,934 |
| *Brett M. Havener (withdrawn)* | *$13,459* |
| *Walter Beck (notice of non-opposition)* | $6,471 |
| *Haley Kayan The (withdrawn)* | *$1,181* |
| *Coy Brookman (withdrawn)* | *$195* |

---

[1]    On November 6, 2024, Haley Kayan The and Brett M. Havener filed notices withdrawing their respective motions.  *See* ECF 42, 43.  On November 12, 2024, Walter Beck filed a notice of non-opposition to the competing motions recognizing that he has "not asserted the 'largest financial interest.'"  ECF 44.  Also on November 12, 2024, Coy Brookman withdrew his motion.  *See* ECF 45.  Unless otherwise noted, all emphasis is added and citations are omitted.

- 1 -

4861-7782-4504.v1

In accordance with the PSLRA, Dr. Sung is therefore entitled to a strong presumption that he is the "most adequate plaintiff" because he has the largest financial interest in the litigation and has made a *prima facie* showing of his typicality and adequacy. *See* ECF 31 at 3-4; 15 U.S.C. §77z-1(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Dr. Sung is inadequate or atypical. *See* 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). There are no facts, let alone any "proof," suggesting that Dr. Sung is somehow unfit to represent the class.

To the contrary, Dr. Sung – an experienced investor with multiple post-graduate degrees (*see* ECF 32-4) – is a qualified lead plaintiff candidate committed to vigorously prosecuting this litigation on behalf of all class members. In addition, Dr. Sung has chosen counsel with decades of experience litigating securities class actions. ECF 31 at 5. Accordingly, Dr. Sung is the "most adequate plaintiff" pursuant to the PSLRA.

Because Dr. Sung has the largest financial interest and satisfies the Rule 23 requirements, Dr. Sung respectfully requests that the Court grant his lead plaintiff motion and deny the competing motions.

## II.    ARGUMENT

According to the unambiguous language of the PSLRA, "[t]he 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); 15 U.S.C. §77z-1(a)(3)(B)(iii).

"The Court should follow a 'three-step process for identifying the lead plaintiff pursuant to these criteria.'" *Roberti v. OSI Sys., Inc.*, 2014 WL 12845727, at *2 (C.D. Cal. Mar. 17, 2014) (quoting *Cavanaugh*, 306 F.3d at 729). The first step – publication of the pendency of this Action – has been completed. *See* ECF 32-1. In the next two steps, courts consider "potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order ***if***

- 2 -

4861-7782-4504.v1

*and only if* the presumptive lead plaintiff is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

### A. Only Dr. Sung Qualifies for the "Most Adequate Plaintiff" Presumption

### 1. Dr. Sung Has the Largest Financial Interest

The second step consists of identifying the presumptive lead plaintiff. During this second stage of the three-step lead plaintiff inquiry, "'the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.'" *In re Cheetah Mobile, Inc. Sec. Litig.*, 2021 WL 99635, at *2 (C.D. Cal. Jan. 12, 2021) (quoting *Cavanaugh*, 306 F.3d at 730). While the PSLRA does not delineate how financial interest should be assessed, the Ninth Circuit has said "[t]o make this comparison, the district court . . . may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730 n.4. Most district courts consider estimated loss the most important factor. *See Cheetah Mobile*, 2021 WL 99635, at *3 ("the Court elects to follow the approach advanced by courts in the Ninth Circuit, elevating the importance of [loss above any other factors]"); *Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *3 (C.D. Cal. Jan. 30, 2024) (Marshall, J.) (looking to loss as the proxy for financial interest). Examining each movant's claimed loss, it is apparent that Dr. Sung possesses the largest financial interest, orders of magnitude larger than the competing lead plaintiff movants:

- 3 -



In sum, Dr. Sung possesses the largest financial interest.  Pursuant to the PSLRA's process, "further inquiry must focus on [Dr. Sung] alone and be limited to determining whether he satisfies the other statutory requirements." *Cavanaugh*, 306 F.3d at 732.

### B.    Dr. Sung Also Satisfies the Rule 23 Requirements

Because Dr. Sung possess the greatest financial interest, the next question is whether he "otherwise satisfies the requirements of Rule 23."  15 U.S.C. §77z-1(a)(3)(B)(iii)(I)(cc).  At this stage, the Rule 23 determination is limited to typicality and adequacy.  *Cavanaugh*, 306 F.3d at 730.  As evidenced by the information provided by Dr. Sung in his lead plaintiff application, there is no question that he is both typical of the putative class and adequate.  *See* ECF 31 at 4; 32-4.  Dr. Sung satisfies the typicality requirement as his claims are essentially identical to those of all other class members and rely on the same factual and legal arguments.  *See* ECF 31 at 4.  Dr. Sung is adequate because, among other things, his interests are aligned with those of other class members because all class members purchased WEBTOON securities pursuant and/or traceable to the registration statement and prospectus issued in connection with WEBTOON's June 2024 initial public offering and were negatively impacted by defendants' alleged wrongdoing.  Moreover, Dr. Sung

- 4 -

executed a sworn Certification and Declaration attesting to his knowledge of a lead plaintiff's responsibilities and his incentive to serve as lead plaintiff on behalf of the class based on the substantial losses he suffered. *See* ECF 32-2; 32-4. As such, Dr. Sung is not just highly incentivized to vigorously prosecute this Action, but firmly committed to maximizing the recovery for putative class members harmed by the alleged wrongdoing. In addition, Dr. Sung selected lead counsel that is highly qualified to prosecute this securities fraud class action. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 789-90, 797 (S.D. Tex. 2008) (Robbins Geller as sole lead counsel obtaining the largest securities recovery of all time; court finding that "it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Karinski v. Stamps.com, Inc.*, No. 2:19-cv-01828-MWF-SK, ECF 215 at 2 (C.D. Cal. Mar. 17, 2022) (Approving $100 million settlement in a securities class action filed against Stamps.com and finding that "Lead Counsel has pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy.").

Because Dr. Sung has the largest financial interest and satisfies Rule 23's requirements, he is the presumptively the "most adequate plaintiff."

**C.    The Competing Motions Should Be Denied Because the Other Movants Lack the Largest Financial Interest and Cannot Rebut the Presumption in Dr. Sung's Favor**

To rebut the presumption in favor of Dr. Sung's appointment as lead plaintiff, the PSLRA requires competing movants to provide "proof" that Dr. Sung "will not fairly and adequately protect the interests of the class," or are "subject to unique defenses." 15 U.S.C. §77z-1(a)(3)(B)(iii)(II). None exists. Because all other movants have smaller losses than Dr. Sung and cannot rebut the presumption that Dr. Sung is the most adequate plaintiff, their motions must be denied. Indeed, pursuant to the PSLRA's sequential process, the Court may only consider competing motions "if and ***only if*** [Dr. Sung] is found inadequate or atypical." *Cavanaugh*, 306 F.3d at 732.

- 5 -

4861-7782-4504.v1

Because Dr. Sung is "both willing to serve and satisfies the requirements of Rule 23," the competing motions should be denied. *Id.* at 730.

## III.    CONCLUSION

Dr. Sung suffered the greatest loss and demonstrated his ability to satisfy Rule 23's typicality and adequacy requirements.  Thus, Dr. Sung's motion should be granted.  The competing motions should be denied.

DATED:  November 12, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JUAN CARLOS SANCHEZ
KENNETH P. DOLITSKY


                                                      s/ Juan Carlos Sanchez
                                                JUAN CARLOS SANCHEZ

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jsanchez@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 6 -

4861-7782-4504.v1