Austin Norris (SBN 284603)
austin.norris@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900

*[Additional counsel on signature page]*

*Attorneys for WEBTOON and the
Individual Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> WEBTOON ENTERTAINMENT INC., et al., <br><br> Defendants. | Case No. 2:24-cv-07553-CBM-RAO <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT** <br><br> Complaint Filed: September 5, 2024 <br><br> Consolidated Complaint Filed: February 3, 2025 <br><br> Judge: Consuelo B. Marshall <br> Hearing: April 22, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 8D |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

## I.    INTRODUCTION

Pursuant to Federal Rule of Evidence ("Rule") 201, Defendants WEBTOON Entertainment Inc., Junkoo Kim, David J. Lee, Haejin Lee, Namsum Kim, Jun Masuda, Isabelle Winkles, and Nancy Dubuc request that the Court take judicial notice of the following documents submitted in support of their Motion to Dismiss the Consolidated Complaint (ECF. 60) ("Complaint").

These documents are incorporated by reference into the Complaint and/or they are all the proper subject of judicial notice pursuant to Rule 201. Where applicable, for the Court's convenience, Defendants identify next to the Exhibit the paragraphs of the Complaint that reference or quote from the materials. True and correct copies of the documents described herein are attached as Exhibits 1–7 to the concurrently filed Declaration of Austin Norris in Support of Defendants' Motion to Dismiss Consolidated Complaint with Prejudice ("Norris Declaration") and consist of the following:

1.    An appendix reflecting the alleged misstatements in the Complaint, along with their related cautionary disclosures (**Ex. 1**).

2.    An appendix reflecting public Japanese yen, Korean won, and U.S. dollar currency exchange rates for October 1, 2023 through September 30, 2024 (**Ex. 2**).

3.    WEBTOON's Prospectus, filed with the SEC on June 27, 2024 (**Ex. 3**). Compl. ¶¶2, 43.

4.    WEBTOON's Q2 2024 Form 10-Q, publicly filed with the SEC on August 12, 2024 (**Ex. 4**). Compl. ¶112.

5.    WEBTOON's August 8, 2024 Press Release (**Ex. 5**). Compl. ¶¶104–05.

6.    A transcript of WEBTOON's Q2 2024 earnings call on August 8, 2024 (**Ex. 6**). Compl. ¶¶49, 89, 107–08.

7.    WEBTOON's Q3 2024 Form 10-Q, publicly filed with the SEC on November 12, 2024 (**Ex. 7**).

1

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

## II. LEGAL STANDARD

When considering a motion to dismiss a claim under the federal securities laws, courts "must consider . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Such documents include (1) matters subject to judicial notice under Rule 201; (2) documents attached to the complaint; (3) documents incorporated by reference into the complaint, even if not quoted; and (4) documents that are integral to the plaintiff's claims and whose authenticity is not in dispute. *United States v. Ritchie*, 342 F.3d 903, 907–09 (9th Cir. 2003).

## III. ARGUMENT

The above documents are judicially noticeable because they are incorporated by reference into the Complaint and/or are matters of public record.

**Appendices Created for Court Convenience (Exs. 1–2)**: Plaintiffs' claims challenge several statements set forth in public SEC filings. For the convenience and ease of the Court, Defendants included Appendices with their Motion. *See* Norris Decl. Exs. 1–2. The Appendices organize information contained in the Registration Statement to aid the Court. Courts have considered similar Appendices because they provide "organizational work that the Court would otherwise have to take upon itself." *Waswick v. Torrid Holdings, Inc.*, 2023 WL 9197563, at *3 (C.D. Cal. Dec. 1, 2023) (citing *Garden City Emps.' Ret. Sys.*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31. 2011) (quoting *K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006))).

One Appendix (Ex. 2) contains data on foreign currency exchange rates. Courts regularly take judicial notice of foreign currency exchange rates as they "are a fitting subject of a request for judicial notice." *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143–44 (C.D. Cal. 2018).

**Materials Incorporated by Reference (Exs. 3–6)**: Under the incorporation by reference doctrine, where "the plaintiff refers extensively to [a] document or the

2

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

document forms the basis of the plaintiff's claim," the Court may examine the same. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (internal quotation marks omitted). In so doing, it treats the incorporated documents "as though they are part of the complaint itself." *Id.* The doctrine serves to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* Exhibits 3–6 are all cited, excerpted, or quoted in the Complaint. *See, e.g.*, ¶¶2, 43, 49, 67–68, 70–71, 89, 104–05, 107–08, 112.

Moreover, in this securities case, Exhibits 3–6 "constitute the subject matter of the claim: [WEBTOON's] public statements." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018); *Crews v. Rivian Auto, Inc.*, 2023 WL 3050081, at *7 (C.D. Cal. Feb. 16, 2023) ("A document may be incorporated by reference into a complaint" if "the document forms the basis of the plaintiff's claim.") (quoting *Ritchie*, 342 F.3d at 908). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *Crews*, 2023 WL 3050081, at *7–8 (internal quotation marks omitted).

Therefore, "the Court may consider these documents when evaluating motions to dismiss to determine what representations [WEBTOON] made to the market." *Id.* at *8; *Wyatt v. Mattel, Inc.*, 2020 WL 364324, at *3 (C.D. Cal. Jan. 21, 2020) ("incorporat[ing] by reference" earnings call transcripts and SEC filings referred to in the complaint); *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (citation omitted) (emphasis in original) (noting that alleged false statements "must be analyzed in context" and that defendant may rely on the doctrines of judicial notice or incorporation by reference "to create factual disputes with a plaintiff's ***conclusory*** allegations").

**SEC Filings and Public Records (Exs. 3–7)**: Exhibits 3–7 are judicially noticeable because they are matters of public record and are the proper subject of

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

judicial notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Exhibits 3–7 are the sorts of publicly filed documents containing facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Indeed, federal courts routinely take judicial notice of press releases, news articles, and SEC filings in securities actions. *See, e.g.*, *Wietschner v. Monterey Pasta Co.*, 294 F. Supp. 2d 1102, 1108–09 (N.D. Cal. 2003) (judicially noticing SEC filings and press releases); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings are subject to judicial notice that the statements in them were made); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (In evaluating a motion to dismiss under Rule 12(b)(6), a court may "consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (granting judicial notice of publicly available articles or other news releases of which the market was aware). Courts have similarly held that judicial notice of post-IPO SEC filings is appropriate where the filings are necessary to determine what information was made publicly available to the market. *In re Dropbox Sec. Litig.*, 2020 WL 6161502, at *2, *5 (N.D. Cal. Oct. 21, 2020) (taking judicial notice of post-IPO quarterly reports to determine what representations Dropbox made to the market and considering that "[i]n each quarter following the IPO, Dropbox announced that its revenue and paying userbase had increased").

Thus, the Court should grant Defendants' Request for Judicial Notice as to Exhibits 3–7.

## IV.   CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court take judicial notice of Exhibits 1–7 to the concurrently filed Norris Declaration.

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

DATED: March 4, 2025

Respectfully submitted,
KIRKLAND & ELLIS LLP

*/s/ Austin Norris*
Austin Norris (SBN 284603)
austin.norris@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900

Edward Hillenbrand (SBN 310872)
edward.hillenbrand@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Tel.: (213) 680-8400
Fax: (213) 680-8500

Stefan H. Atkinson, P.C. (*Pro Hac Vice*)
stefan.atkinson@kirkland.com
Jordan D. Peterson, P.C. (*Pro Hac Vice*)
jordan.peterson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for WEBTOON and the Individual Defendants*

5
**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**