ROBBINS GELLER RUDMAN
   & DOWD LLP
ROBERT R. HENSSLER JR. (216165)
ASHLEY M. KELLY (281597)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>WEBTOON ENTERTAINMENT INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-07553-CBM-RAO<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED COMPLAINT<br><br>Judge:　　　Hon. Consuelo B. Marshall<br>Hearing:　　April 22, 2025<br>Time:　　　10:00 a.m.<br>Courtroom: 8D |

4914-7804-0869.v3

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................... 1

II.   LEGAL STANDARD ............................................................................. 2

III.  THE REQUEST SHOULD BE DENIED AS AN IMPROPER ATTEMPT BY DEFENDANTS TO INTRODUCE THEIR OWN VERSION OF THE FACTS AT THE PLEADING STAGE ........................ 3

   A.   The Request to Judicially Notice Exhibit 1 Is Procedurally and Substantively Improper ............................................................. 4

   B.   Exhibit 2 is Not Judicially Noticeable ...................................... 6

   C.   SEC Filings (Exhibits 3-5, and 7) Qualify for Judicial Notice Only as to the Fact of Their Existence ...................................... 8

   D.   The Earnings Call Transcript Is Not Subject to Judicial Notice (Exhibit 6) ............................................................................... 11

   E.   Incorporation-by-Reference of Exhibits 3-6 Should Not be Used to Resolve Factual Disputes ............................................ 12

   F.   Exhibit 7 Is Not Incorporated by Reference into the Complaint ........ 15

IV.   CONCLUSION ................................................................................... 16

4914-7804-0869.v3

# TABLE OF AUTHORITIES

**Page**

## CASES

*Boyer v. City of Santa Barbara*,
2024 WL 4103566 (C.D. Cal. Aug. 1, 2024) .......................................................... 7

*Cheng Jiangchen v. Rentech, Inc.*,
2017 WL 10363990 (C.D. Cal. Nov. 20, 2017) ..................................................... 4

*Garden City Emps' Ret. Sys. v. Anixter Intern., Inc.*,
2011 WL 1303387 (N.D. Ill. Mar. 31, 2011) ........................................................ 5

*In re Acadia Pharms, Inc. Sec. Litig.*,
2020 WL 2838686 (S.D. Cal. June 1, 2020) ......................................................... 4

*In re Green Dot Corp. Sec. Litig.*,
2024 WL 1356253 (C.D. Cal. Mar. 29, 2024) .............................................*passim*

*In re Immune Response Sec. Litig.*,
375 F. Supp. 2d 983 (S.D. Cal. 2005) .................................................................... 3

*In re Mattel, Inc. Sec. Litig.*,
2021 WL 1259405 (C.D. Cal. Jan. 26, 2021)...................................................... 14

*In re Tracht Gut, LLC*,
836 F.3d 1146 (9th Cir. 2016)....................................................................... 5, 14

*Khoja v. Orexigen Therapeutics, Inc.*,
899 F.3d 988 (9th Cir. 2018)..........................................................................*passim*

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ............................................................................... 10

*Lilien v. Olaplex Holdings, Inc.*,
2025 WL 444254 (C.D. Cal. Feb. 7, 2025)........................................................... 8

*Patel v. Parnes*,
253 F.R.D. 531 (C.D. Cal. 2008) ......................................................................... 7

*Reina-Rodriguez v. U.S.*,
655 F.3d 1182 (9th Cir. 2011)............................................................................. 11

4914-7804-0869.v3

**Page**

*Rivian v. Crews*,
2023 WL 3050081 (N.D. Cal. Feb 16, 2023)......................................................14

*Rollins v. Dignity Health*,
338 F. Supp. 3d 1025 (N.D. Cal. 2018) ..............................................................12

*U.S. v. Corinthian Colls.*,
655 F.3d 984 (9th Cir. 2011) ................................................................................9

*Waswick v. Torrid Holdings, Inc.*,
2023 WL 9197563 (N.D. Cal. Dec. 1, 2023) .......................................................5

*Waterford Twp. Police v. Mattel, Inc.*,
321 F. Supp. 3d 1133 (C.D. Cal. 2018)................................................................6

*Weston v. DocuSign, Inc.*,
669 F. Supp. 3d 849 (N.D. Cal. 2023).................................................................5

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§77k(a)..................................................................................................................8

Federal Rules of Civil Procedure
Rule 12(b)(6) ....................................................................................................2, 5

Federal Rules of Evidence
Rule 201(b) ............................................................................................2, 5, 7, 9
Rule 201(b)(1)-(2) ...............................................................................................2
Rule 201(b)(2) ......................................................................................................6

Local Rule 11-7 .........................................................................................................4

4914-7804-0869.v3

Lead Plaintiff Dr. Byung-Gon Sung ("Plaintiff") hereby respectfully submits this Opposition to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss Consolidated Complaint (ECF 63) (the "Request") of documents appended to the Declaration of Austin Norris in Support of Defendants' Motion to Dismiss Consolidated Complaint with Prejudice (ECF 62) ("Norris Decl."), submitted by Defendants in support of their Motion to Dismiss Consolidated Complaint with Prejudice (ECF 61) ("MTD").

## I.    INTRODUCTION

The Ninth Circuit has identified "a concerning pattern in securities cases like this one: exploiting the[] procedures [of judicial notice and the incorporation-by-reference doctrine] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage."[1] *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  Still, Defendants ask the Court to take judicial notice of, or incorporate-by-reference, seven extrinsic documents comprising over 600 pages in support of the MTD, including 15 pages of charts outlining Defendants' own set of "facts" purportedly contradicting the allegations of the Complaint.[2]

While the ***existence*** of certain Exhibits offered by Defendants may not be in dispute, the facts contained within those exhibits certainly are.  The Ninth Circuit has emphasized the harm that can be caused by the "overuse and improper application of judicial notice and the incorporation-by-reference doctrine." *Khoja*, 899 F.3d at 998.  ("If defendants are permitted to present their own version of the facts at the pleading stage . . . it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."). *Id.* at 999.  Defendants' sole purpose for submitting the extrinsic materials is to dispute

---

[1]   All citations are omitted and emphasis is added unless otherwise noted.

[2]   "Complaint" refers to the Consolidated Complaint for Violations of the Federal Securities Laws.  ECF 60.  All "¶" and "¶¶" references are to the Complaint.

- 1 -

4914-7804-0869.v3

the factual allegations in the Complaint.  Because Defendants draw upon those Exhibits to create factual disputes, the Court cannot accept them as true in considering Defendants' Rule 12(b)(6) motion under *Khoja*.

Plaintiff respectfully submits that the Request be denied.

## II.    LEGAL STANDARD

In *Khoja*, the Ninth Circuit clarified the extent to which courts in this Circuit may judicially notice or incorporate documents into the complaint at the pleading stage: "[g]enerally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja*, 899 F.3d at 998.  When "'matters outside the pleading are presented to and not excluded by the court,' the 12(b)(6) motion converts into a motion for summary judgment under Rule 56."  *Id.*  In that case, "both parties must have the opportunity 'to present all the material that is pertinent to the motion.'"  *Id.*

There are two limited exceptions to that general rule: judicial notice and the judicially created incorporation-by-reference doctrine.  Courts may take judicial notice of matters of public record "not subject to reasonable dispute" pursuant to Federal Rule of Evidence 201.  Fed. R. Evid. 201(b).  A fact is "not subject to reasonable dispute" if it is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  "But a court cannot take judicial notice of disputed facts contained in such public records."  *Khoja*, 899 F.3d at 999.  "The *Khoja* court further cautioned, that a district court must 'consider – and identify – which fact or facts it is noticing [for judicial notice].'"  *In re Green Dot Corp. Sec. Litig.*, 2024 WL 1356253, at *3 (C.D. Cal. Mar. 29, 2024).

Courts may also consider documents under the "incorporation-by-reference doctrine," which treats certain documents as though they are part of the complaint itself.  *Khoja*, 899 F.3d at 1003.  However, to qualify under that doctrine, a document

- 2 -

4914-7804-0869.v3

must be referred to "extensively" in a complaint: "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document'" under Ninth Circuit law. *Id.* at 1002. The question of whether to incorporate a document by reference turns not only on how the complaint refers to the document, but also how defendants attempt to use it to support a dismissal motion. The incorporation-by-reference doctrine does not apply, "if the document merely creates a defense to the well-pled allegations in the complaint, [because] then that document did not necessarily form the basis of the complaint. Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Id.* (citing, *inter alia*, *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995-96 (S.D. Cal. 2005) (declining to incorporate numerous exhibits in a Securities and Exchange Commission ("SEC") action where the complaint did not mention or rely on them, but the defendants instead "offer[ed] the documents as evidence that Defendants did not commit [a] securities violation")).

The incorporation-by-reference doctrine cannot be used as "a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Khoja*, 899 F.3d at 1003. Among other reasons, "[o]nce documents are incorporated into a complaint, a district court faces competing, often inconsistent versions of the facts." *Id.* "Although plaintiffs are ordinarily afforded the benefit of every favorable inference, the incorporation-by-reference doctrine can allow defendants to exploit that benefit for themselves." *Id.* Defendants' attempted exploitation here should not be tolerated.

## III. THE REQUEST SHOULD BE DENIED AS AN IMPROPER ATTEMPT BY DEFENDANTS TO INTRODUCE THEIR OWN VERSION OF THE FACTS AT THE PLEADING STAGE

Defendants' Request should be denied, as it is both procedurally and substantively improper. The Request: (a) violates this Court's Standing Order (ECF 8) and the Local Rules concerning page limits and appendices; (b) fails to state the adjudicative facts Defendants seek to be judicially noticed, in violation of Federal

- 3 -

4914-7804-0869.v3

Rule of Evidence 201 and the Standing Order; (c) seeks to impermissibly introduce Defendants' own factual arguments at the pleading stage; and (d) improperly seeks to incorporate documents *en masse* into the Complaint.

### A.    The Request to Judicially Notice Exhibit 1 Is Procedurally and Substantively Improper

Defendants first attempt to impermissibly circumvent the Court's Standing Order, which limits memoranda to 25 pages, by offering 15 pages of counsel-generated charts containing paragraphs of additional text through "an appendix" purportedly "reflecting the alleged misstatements in the Complaint, along with their related cautionary disclosures," (Request at 1) some of which are wholly irrelevant to this case. *See* Standing Order at 7c. Further, Local Rules mandate that all arguments belong in the memorandum, and the attorney-generated charts, which include Defendants' own version of the "Alleged False Statement[s]" and purported "Bases for Dismissal" should not be permitted. *See* Local Rule 11-7 ("Appendices shall not include any matters which properly belong in the body of the memorandum of points and authorities.").

Thus, Exhibit 1, which Defendants themselves refer to as an "***Append[ix]*** Created for Court Convenience" (Request at 2) is an improper extension of Defendants' argument and an attempt to bypass the 25-page limit set by the Standing Order. Courts have stricken similar charts that purportedly "consolidate[] . . . allegedly false and misleading statements and highlight[] what Defendants contend are defects in Plaintiff's pleadings." *See, e.g.*, *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017); *In re Acadia Pharms, Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking a "chart" "utilized . . . to identify [the complaint's statements]" and proffered "for the Court's convenience," as "simply an extension of Defendants' argument"). The cases Defendants cite in support of the Request are wholly inapposite because in those cases, the plaintiff submitted its own competing chart in response to the charts

- 4 -

4914-7804-0869.v3

offered by defendants. *See* Request at 2 (citing *Waswick v. Torrid Holdings, Inc.*, 2023 WL 9197563 (N.D. Cal. Dec. 1, 2023); (*Garden City Emps' Ret. Sys. v. Anixter Intern., Inc.*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011)). Plaintiff here has not submitted any competing chart in connection with his Memorandum of Law in Opposition to Defendants' Motion to Dismiss Consolidated Complaint with Prejudice (ECF 67) ("Opposition"). The Request to judicially notice Exhibit 1 should be denied as wholly improper on procedural grounds alone.

Beyond the obvious procedural shortcomings, Exhibit 1 is neither referenced in the Complaint nor a document judicially noticeable because it is ***entirely*** "subject to reasonable dispute." Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute . . . ."). Furthermore, judicially noticing Exhibit 1 would deprive Plaintiff of the inference of truth of his well-pled factual allegations afforded by Rule 12(b)(6), and should therefore be disregarded in the Court's analysis. *Khoja*, 899 F.3d at 1003 (quoting, *inter alia*, *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("'At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.'").

Rather than being provided merely for the "convenience and ease of the court," as they claim (Request at 2), Defendants seek to inject their own factual counter-narrative (including risk disclosures that are wholly irrelevant), both prematurely and impermissibly, at this stage of the litigation. *See Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (declining to judicially notice exhibit chart summarizing defendants' public disclosures "because it is subject to reasonable dispute (as evidenced by the plaintiffs' objections)," noting "[a]s for incorporation by reference, this veers toward an attempt by [defendant] to insert its 'own version of events into the complaint,' which is impermissible").

Judicially noticing or incorporating by reference Exhibit 1 would serve only to harm Plaintiff in precisely the manner warned of by the Ninth Circuit. *See Khoja*,

- 5 -

4914-7804-0869.v3

899 F.3d at 999 ("If defendants are permitted to present their own version of the facts at the pleading stage . . . it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently 'plausible' claim for relief."). Defendants' misleading statements and omissions are determinations for the trier of fact. *See, e.g.*, *Green Dot.*, 2024 WL 1356253, at \*4.  The Request should be denied as to Exhibit 1 as both procedurally and substantively improper.

### B.   Exhibit 2 is Not Judicially Noticeable

Plaintiff opposes the Request for judicial notice of Exhibit 2, both because the accuracy of the source is not readily determinable, and because it concerns facts in dispute.  Defendants offer Exhibit 2 as "[a]n appendix reflecting public Japanese yen, Korean won, and U.S. dollar currency exchange rates for October 1, 2023 through September 30, 2024."  Request at 1.  The Court may take judicial notice of a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Defendants claim "[c]ourts regularly take judicial notice of foreign currency exchange rates, as they 'are a fitting subject of a request for judicial notice.'" Request at 2 (quoting *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143-44 (C.D. Cal. 2018)).  The problem with Defendants' assertion is that the case upon which they rely (and the case upon which *Mattel* relies, and the case upon which that case relies, too) considered charts of "U.S. Dollar exchange rates taken from the Federal Reserve website," *Mattel*, 321 F. Supp. 3d at 1143, presumably because that information was obtained from a "source[] whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  The source of Defendants' data is not the Federal Reserve – and is instead a website which Defendants identify as "Exchange-Rates.org."  Norris Decl., Ex. 2.  Thus, the accuracy of the source of the information, which appears to be a private, non-governmental website, is not readily

- 6 -

4914-7804-0869.v3

apparent. *See, e.g.*, *Boyer v. City of Santa Barbara*, 2024 WL 4103566, at *2 (C.D. Cal. Aug. 1, 2024) ("the [third party's] webpage, which is not an official government website, is not a source whose accuracy cannot reasonably be questioned").

Separately, even assuming, *arguendo¸* that the source of the exchange rates at Exhibit 2 is accurate, that "is only part of the inquiry under Rule 201(b)." *Khoja*, 999 F.3d at 1001. Indeed, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*; *see also Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008) ("The truth of the content, and the inferences properly drawn from them, however, is not a proper subject of judicial notice under Rule 201."). Defendants fail in the first instance to "identify the adjudicative fact(s) for which [they] seek[] notice" pursuant to Fed. R. Evid. 201 and this Court's Standing Order. *See* ECF 8 at 7d; *Green Dot*, 2024 WL 1356253, at *3 (noting, "[t]he *Khoja* court further cautioned, that a district court must 'consider – and identify – which fact or facts it is noticing [for judicial notice]'"). Instead, they submit a chart of over 250 days' worth of purported foreign currency exchange data, leaving Plaintiff and the Court to guess as to what fact is adjudicative.

Defendants seem to seek judicial notice of the fact the data was publicly available to investors, arguing that the chart of historical exchange rates is "based on ***public*** information" (Norris Decl. at 1) and claim Exhibit 2 is an "appendix reflecting ***public***" exchange rate information (Request at 1). Defendants offer Exhibit 2 in support of their inference that because currency exchange rates are public information, investors should have known of the depreciating values of the Korean Won and Japanese Yen alleged in the Complaint. MTD at 20. As described in the Opposition, even assuming they had access to publicly-available exchange rates, investors still lacked the insight needed to meaningfully understand pre-IPO fluctuations in revenue because information concerning the Company's intra-quarter

- 7 -

4914-7804-0869.v3

operations was uniquely held by Defendants and not available to investors. *See* Opposition at II.B.3.

As is also explained in the Opposition, Defendants' attempt to show that exchange rate data was publicized is "a truth-on-the-market affirmative defense that is 'inappropriate' for resolution at the pleading stage." *Lilien v. Olaplex Holdings, Inc.*, 2025 WL 444254, at *10 (C.D. Cal. Feb. 7, 2025). To establish the defense, Defendants will have to "prov[e] that 'the information that was withheld or misrepresented was transmitted to the public with a degree of intensity and credibility sufficient to effectively counterbalance any misleading impression created by the [statement at issue].'" *Id*. at *10. Defendants cannot use judicial notice to mount this affirmative defense.

Moreover, Defendants have also included in Exhibit 2 to the Request ***post-***IPO exchange rates to claim that "the U.S. dollar began depreciating and continued to do so through Q3 2024" (MTD at 2) and that "the dollar began depreciating relative to the yen and won immediately after the IPO, refuting the existence of any persistent adverse trend" (*id.* at 20). Post-IPO exchange rates are not at all relevant to the Complaint, which alleges that the Registration Statement was misleading as of the time it became effective, in part because it did not disclose the adverse foreign currency trends existing in the six months prior to the IPO. *See* 15 U.S.C. §77k(a); ¶¶93-98. Defendants seek judicial notice of Exhibit 2 for the improper purpose of "present[ing] their own version of the facts at the pleading stage." *Khoja*, 899 F.3d at 999. The Court should not take judicial notice of Exhibit 2.

**C. SEC Filings (Exhibits 3-5, and 7) Qualify for Judicial Notice Only as to the Fact of Their Existence**

Exhibits 3-5, and 7 constitute public statements made by Defendants in the Registration Statement and in Forms 10-Q filed with the SEC. Request at 3-4. Plaintiff does not contest that Exhibits 3-5, and 7 are the types of documents that could be properly the subject of judicial notice. Each are public statements with

- 8 -

4914-7804-0869.v3

contents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

While it may be appropriate to judicially notice the ***existence*** of SEC filings, judicial notice should not be taken of the ***truth*** of their contents.  Even still, a request for judicial notice must supply the Court "with the necessary information," including the specific adjudicative facts the movant seeks to have judicially noticed.  *Id.*; *see also* Standing Order, 7d.  Rather than identifying specific facts, Defendants claim that Exhibits 3-5, and 7, which comprise nearly 500 pages, should be judicially noticed in their entirety.  Request at 3, 5, and 7.  Defendants' failure to provide this necessary information is fatal to the Request.  *See, e.g.*, *Green Dot*, 2024 WL at 1356253, at *3 ("Although it is clear that Defendants want this Court to take judicial notice of the contents, and not merely the existence, of these documents, Defendants' RJN does not identify any particular facts.  This Court cannot, therefore, conduct the analysis required under Rule 201.").

The Request is merely an attempt by Defendants to challenge Plaintiff's well-pled factual allegations and to litigate disputed issues of fact at the motion to dismiss stage by attempting to introduce the disputed content of SEC filings.  "[A] court cannot take judicial notice of disputed facts."  *Khoja*, 899 F.3d at 999; *see also id.* at 1000 (documents that are "'subject to varying interpretations, and there is a reasonable dispute as to what [they] establish[],'" are not subject to judicial notice); *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts "may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to Defendants that could reasonably be disputed").

In the Complaint, Plaintiff alleges that Defendants made false or misleading statements concerning the Company's MAU and revenue, including by offering various risk disclosures that couched risks as mere hypotheticals when those risks had already come to fruition.  ¶¶69-75.  Defendants cite to Exhibit 3 to argue WEBTOON's risk disclosures were sufficient (MTD at 5, 18-22), and to challenge

- 9 -

4914-7804-0869.v3

the Complaint's assertions that statements concerning the Company's key metrics were misleading, and to ask the Court to conclude, as a matter of law, that the challenged statements were not misleading or were immaterial. *Id.* at 3-5, 10-20. Exhibit 4, the Company's 2Q 2024 Form 10-Q filed with the SEC, likewise concerns the Company's reported 2Q 2024 metrics which are wholly in dispute.

Defendants use Exhibit 5, the Company's August 8, 2024 earnings press release appended to the Company's Form 8-K filed with the SEC, purportedly to show that once the effect of foreign exchange fluctuations (which are disputed in this case) were removed, the Company's 2Q 2024 performance was improved, on a "constant currency" basis, and that the earnings before interest, taxes, depreciation, and amortization ("EBITDA") increased that quarter. *Id.* at 7. But those metrics are not alleged in the Complaint, and the Request again just serves to create a factual dispute as to the contents of the earnings release in that regard. The attempt to counter Plaintiff's factual allegations regarding what was and was not disclosed to the market (*i.e.*, what was omitted) through the SEC filings, and the materiality of those disclosures, demonstrates the impropriety of the Request for judicial notice for Exhibits 3-5.

Defendants likewise attempt to use Exhibit 7, the Company's 3Q 2024 Form 10-Q filed with the SEC, purportedly to show that post-IPO events undermine the Complaint's allegations. *Id.* at 3, 23; *see also id.*, Figures 2-5 (reflecting the Company's 3Q 2024 results). Post-IPO events have no bearing on whether, as Plaintiff alleges, the Registration Statement was false and misleading as of the time it became effective. Defendants' attempt to use Exhibits 3-5 and 7 as extrinsic evidence of the content of the SEC filings to mount their defense to liability or to resolve factual disputes in their favor is inappropriate at this stage. The Court "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999; *see also id.* at 1000, 1003; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (reversing district court ruling that

- 10 -

4914-7804-0869.v3

"assumed the existence of facts . . . favor[ing] defendants based on evidence outside [the] pleadings, took judicial notice of the truth of disputed factual matters, and did not construe . . . allegations" in plaintiffs' favor).

Defendants' Request to judicially notice Exhibits 3-5, and 7 (other than to the extent it seeks to establish just the mere existence of those documents) should be denied, first, because the Request fails to specify the adjudicative facts and second, because the contents of the Exhibits constitute facts either wholly in dispute or irrelevant.

**D.    The Earnings Call Transcript Is Not Subject to Judicial Notice (Exhibit 6)**

Exhibit 6 is a transcript of WEBTOON's earnings call on August 8, 2024. Request at 1.  While, in some instances, an investor call transcript may qualify for judicial notice because it "qualifies as a 'source[] whose accuracy cannot reasonably be questioned,'" the "court must also consider – and identify – which fact or facts it is noticing from such a transcript."  *Khoja*, 899 F.3d at 999 (noting "[a]n investor call transcript *submitted to the SEC* generally qualifies" for judicial notice).  Exhibit 6 does not appear to be a transcript submitted to the SEC, but even assuming *arguendo* the source is accurate, the facts contained within the transcript are not judicially noticeable.

Defendants rely on Exhibit 6 just once in the MTD.  Defendants cite to it in an effort to rebut Plaintiff's well-pled allegations that Defendants closely and regularly monitored the key MAU metric.  *See* MTD at 23 n.5.  Defendants thus attempt to use Exhibit 6 to dispute Plaintiff's allegations that Defendants were aware of declining MAU trends prior to the IPO (¶¶5, 47-49) and failed to warn the market of such.  Because "[r]easonable people could debate what exactly this conference call disclosed," it is not appropriate for judicial notice.  *Khoja*, 899 F.3d at 1000; *Reina-Rodriguez v. U.S.*, 655 F.3d 1182, 1193 (9th Cir. 2011) (It is improper to judicially notice a transcript when the substance of the transcript "is subject to

- 11 -

varying interpretations, and there is a reasonable dispute as to what the [transcript] establishes."); *see also, Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1031 (N.D. Cal. 2018) ("Defendants repeatedly do what *Khoja* forbids – ask the Court to take judicial notice of documents that they then use as a basis to challenge the factual averments in the complaint"). Defendants' request to take judicial notice of Exhibit 6 should be denied.

### E.   Incorporation-by-Reference of Exhibits 3-6 Should Not be Used to Resolve Factual Disputes

Plaintiff does not dispute that Exhibits 3-6 may be incorporated-by-reference into the Complaint, but oppose the Request to the extent Defendants urge the Court to incorporate them by reference in order to prematurely resolve factual disputes.

"The incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage." *Khoja*, 899 F.3d at 1014. "[W]hat inferences a court may draw from an incorporated document should . . . be approached with caution." *Id.* at 1003; *Green Dot*, 2024 WL 1356253, at *4 (denying defendants' request for judicial notice and for application of the incorporation-by-reference doctrine, and "proceed[ing] to address those of Defendants' arguments that do not depend upon facts outside the four corners of the amended complaint").

Here, Defendants cite to the Registration Statement at issue (Exhibit 3) to contest the Complaint's allegations that WEBTOON's risk disclosures concerning MAU, revenue, and foreign currency fluctuations were insufficient (MTD at 5, 18-22). Defendants cite to risks that are not at issue in this case, including with regard to expenses or net losses. MTD at 19. Even certain of the foreign currency risk disclosures cited by Defendants are irrelevant, because they concern the effect of foreign currency fluctuations on the Company's expansion and the risk of foreign exchange rates increasing operating expenses, not the impact of foreign exchange fluctuations on the Company's reported revenue. MTD at 6-7; *see also*, Norris

- 12 -

4914-7804-0869.v3

Decl., Ex 3 at 34, 47.  The ***relevant*** risk disclosures in Exhibit 3 claimed that revenue had not been impacted by the Company's global operations, assuring investors that "the impact of foreign currency exchange rates has not been material to our historical operating results."  ¶67; *see also* ¶74.  Exhibit 4, the Company's 2Q 2024 Form 10-Q filed with the SEC, which Defendants also seek to have incorporated, removed reference to that assurance in the Company's "Foreign Currency Exchange Risk" disclosure.  *Compare*, ¶67 (Norris Decl., Ex. 3 at 118) *with* Norris Decl., Ex. 4 at 35).

Defendants also use Exhibits 3 and 4 to challenge the Complaint's assertions that statements concerning the Company's key metrics, including MAU and revenue, were misleading or immaterial as a matter of law.  MTD at 3-5, 12, 18.  But Defendants urge the Court to consider Exhibits 3 and 4 in relation to metrics that are wholly irrelevant to this action – namely, EBITDA and net income – which are not referenced in the Complaint.  *Id.* at 4.  The Complaint alleges that Defendants' statements and risk disclosures concerning MAU, ARPPU, and revenue were misleading; those metrics are what is at issue.  *See* ¶¶56-75.

Exhibit 5, the Company's August 8, 2024 earnings press release, is referenced purportedly to show that once the effect of foreign exchange fluctuations were removed, the Company's bleak 2Q 2024 revenue performance was improved, on a "constant currency" basis, and that EBITDA increased that quarter.  MTD at 7.  This again is a plain attempt to distract the Court from the allegations in the Complaint.  Neither "constant currency" nor EBITDA are metrics at issue in this case – this case concerns the Company's ***reported*** revenue as opposed to the Company's non-GAAP "constant currency" revenue metric.

Defendants offer Exhibit 6, which is a conference call transcript of WEBTOON's 2Q 2024 earnings call, in an attempt to qualify the Company's statement on August 8, 2024 that WEBTOON "look[s] at average users on a daily, weekly and monthly basis" (¶¶49, 89) and the Registration Statement's claims the

- 13 -

Company "regularly review[s]" key metrics such as MAU and ARPPU and "track[s] and review[s] [them] to measure our performance, identify trends, formulate financial projections, and make strategic decisions," and to "evaluate growth trends [and] analyze user demand" (¶47). Defendants plainly offer these Exhibits to prematurely resolve factual disputes in their favor.

While Defendants urge that the entirety of these documents are "'assumed to be true for purposes'" of their MTD (Request at 3) (citing *Rivian v. Crews*, 2023 WL 3050081, at *7-*8 (N.D. Cal. Feb 16, 2023)), the incorporation-by-reference doctrine does not allow use of these Exhibits as an impermissible attempt to resolve factual disputes in their favor. *Green Dot*, 2024 WL 1356253, at *3 (noting, "even assuming the RJN had adequately identified specific facts, Defendants concede that, under *Khoja*, courts should not assume the truth of such facts 'if the purpose is to dispute or create a defense to a well-pled fact in a complaint'") (quoting *Khoja*, 899 at 1014).

Though Exhibits 3-6 may be incorporated-by-reference into the complaint and "both parties – and the Court – are free to refer to any of [their] contents," (*Rivian*, 2023 WL 3050081, at *7), the Ninth Circuit has made clear, "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003 (citing, *inter alia*, *Tracht Gut*, 836 F.3d at 1150 ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.")). *Green Dot*, 2024 WL 1356253, at *4.

Thus, while these Exhibits may be subject to incorporation-by-reference, their contents should not be used to resolve factual disputes at issue in this case. *In re Mattel, Inc. Sec. Litig.*, 2021 WL 1259405, at *6 (C.D. Cal. Jan. 26, 2021) (considering extraneous exhibits "under the incorporation by reference doctrine, but

- 14 -

4914-7804-0869.v3

not to the extent they are proffered to 'resolve factual disputes against the plaintiff's well-plead allegations in the complaint'" (quoting *Khoja*, 899 F.3d at 999)); *Green Dot*, 2024 WL 1356253, at *4 ("'[W]hether a public statement is misleading, or whether adverse facts were adequately disclosed is a mixed question to be decided by the trier of fact.'").

### F.   Exhibit 7 Is Not Incorporated by Reference into the Complaint

Exhibit 7 (WEBTOON's Q3 2024 Form 10 Q) is not incorporated by reference in the Complaint.  As stated above, for a document to be incorporated by reference in a complaint, it must be referred to "extensively" by plaintiffs: "'the mere mention of the existence of a document is insufficient to incorporate the contents of a document'" under Ninth Circuit law.  *Khoja*, 899 F.3d at 1002.  Exhibit 7 does not meet this standard.

Exhibit 7, which is the Company's 3Q 2024 10-Q filed with the SEC, post-dates the IPO by nearly six months.  First, that SEC filing is nowhere referenced in the Complaint, as it has absolutely no bearing whatsoever on the Complaint's allegations that the Registration Statement was false and misleading as of the time it became effective.  Defendants' only use for Exhibit 7 is to push their own faulty factual narrative that post-IPO events somehow negate the misleading nature of Defendants' statements in the Registration Statement.  *See* MTD at 3, 4, 14, 18, 22, 23.  But even Defendants' own references to Exhibit 7 reveal that the downward trend in MAU growth continued into 3Q 2024.  *See* Opposition at I.C (chart of Global MAU – Undisclosed Negative YoY Growth Trend).

Exhibit 7 is not appropriate for incorporation-by reference.  *Khoja*, 899 F.3d at 1002 ("[I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.  Otherwise, defendants could use the doctrine to insert their own version

- 15 -

of events into the complaint to defeat otherwise cognizable claims."). The Court should thus decline to incorporate by reference Exhibits 4 and 7.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff requests the Court deny Defendants' Request in its entirety as to Exhibits 1 and 2, and to the remaining Exhibits to the extent the facts are not properly subject to judicial notice or that incorporation is sought only to resolve fact disputes.

DATED: March, 11, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT R. HENSSLER JR.
ASHLEY M. KELLY
RACHEL C. BRABY

s/ Ashley M. Kelly
ASHLEY M. KELLY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 16 -

4914-7804-0869.v3