Austin Norris (SBN 284603)
austin.norris@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900

*[Additional counsel on signature page]*

*Attorneys for WEBTOON and the
Individual Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>      v.<br><br>WEBTOON ENTERTAINMENT INC., et al.,<br><br>            Defendants. | Case No. 2:24-cv-07553-CBM-RAO<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED COMPLAINT WITH PREJUDICE**<br><br>Complaint Filed:<br>September 5, 2024<br><br>Consolidated Complaint Filed:<br>February 3, 2025<br><br>Judge:      Hon. Consuelo B. Marshall<br>Hearing:    April 22, 2025<br>Time:       10:00 a.m.<br>Courtroom:  8D |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

## I.    INTRODUCTION

Plaintiff urges the Court to decide the motion to dismiss without the full context of Defendants' public statements. But Plaintiff fails to raise any compelling arguments against the Court taking judicial notice of these documents.

**Exhibit 1**: Defendants prepared for the Court's convenience a compilation of the challenged statements and relevant cautionary language as set out in the Registration Statement. The appendix does not contain any argument (it merely summarizes the bases for dismissal, as set out in Defendants' Motion to Dismiss) and Plaintiff does not claim that any portion of the appendix mischaracterizes the Registration Statement. Other courts have considered appendices like this one. The Court can properly consider this appendix.

**Exhibit 2**: Defendants prepared a chart of publicly available foreign currency exchange rates for the Court's convenience. Plaintiff argues that the source of those exchange rates is not reliable but he does not dispute that it is a publicly available source and the exchange rates provided are accurate. Other courts have taken judicial notice of exchange rates from this source. The Court can properly consider this appendix.

**Exhibits 3–6**: Plaintiff did not attach to the Complaint any of the relevant public filings, transcripts, or press releases that he referenced therein and that contain the alleged misstatements challenged in the Complaint. In response to Plaintiff's inclusion of misleading excerpts, Defendants have requested that the Court take judicial notice of the original source materials that set forth the full statements and their context. The Court can properly consider these documents under the incorporation by reference doctrine and because they are accurate public documents.

**Exhibit 7**: Although the Complaint did not rely on WEBTOON's Q3 2024 Form 10-Q, which was filed with the SEC, it does rely on other post-IPO information. Moreover, Plaintiff relied on the Q3 2024 Form 10-Q in his Opposition to

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

Defendants' Motion to Dismiss (ECF 67, "MTD Opp'n"). In doing so, Plaintiff waived any argument against the Court taking judicial notice of this exhibit.

Defendants' Request for Judicial Notice ("RJN") should be granted.

## II.    ARGUMENT[1]

### A.    Exhibits 3–6 Were Incorporated by Reference in the Complaint.

Plaintiff concedes that the Complaint refers to, relies on, quotes, or expressly bases its claims on portions of these exhibits. The incorporation by reference doctrine enables the Court to consider such documents on a motion to dismiss. *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) ("[A] court may consider … documents incorporated by reference in the complaint."); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (finding where plaintiff "references and relies on a particular document as part of the … complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered").

Defendants request judicial notice of these exhibits so the Court has the full context of the challenged statements. That is an entirely proper use of the incorporation by reference doctrine. Indeed, the Supreme Court has stated that when

---

[1]    Plaintiff dedicates pages of his Opposition (ECF 68, "RJN Opp'n") to responding to arguments in Defendants' Motion to Dismiss. RJN Opp'n at 7–8, 9–10, 12–14. That is improper. Plaintiff's MTD Opp'n already exceeds the 7,000 word limit set by the District's local rules by over 900 words. *See* L.R. 11-6.1. These arguments further exceed the word count limit. Moreover, because Plaintiff did not raise these arguments in their MTD Opp'n, they are waived. *See Women's Recovery Ctr., LLC v. Anthem Blue Cross Life and Health Ins. Co.*, 2022 WL 757315, at *7 (C.D. Cal. Feb. 2, 2022) ("failure to address an argument in opposition briefing constitutes a concession of that argument" (citing cases)); *City of Miami Gen. Empls.' & Sanitation Empls.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("To the extent plaintiffs take issue with the statements in these documents and defendants' arguments based thereon, such argument belongs in plaintiffs' opposition to defendants' motion to dismiss and thus does not persuade on the question of whether judicial notice is proper.").

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

assessing securities claims, "courts *must* consider the complaint in its entirety, as well as *other sources courts* ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, *documents incorporated into the complaint by reference*, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.,* 551 U.S. 308, 322 (2007) (emphasis added). And the Ninth Circuit has stated that the doctrine applies to prevent securities plaintiffs "from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("*Khoja* thus did not eradicate the rule that alleged false statements must be analyzed in context."); *Crews v. Rivian Auto.*, Inc., 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023) (citing *Khoja*).

Defendants have not introduced these exhibits to "resolve factual disputes."[2] RJN Opp'n at 12. What Defendants said in these documents is undisputed. Nothing prevents the Court from determining that, based on these undisputed statements disclosed to investors and incorporated into the Complaint, Plaintiff cannot state a claim. *See, e.g.*, *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 932 (9th Cir. 1996) (analyzing challenged statements alongside "other statements made in the same documents" to determine whether they are misleading); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 619 (9th Cir. 2017) (considering public disclosures in SEC filings and conference calls in concluding omission theory failed); *In re LifeLock, Inc. Sec. Litig.*, 690 F. App'x 947, 951–52

---

[2]    Courts have rejected similar arguments opposing judicial notice on the ground that the court is being asked to consider a document for the truth of its contents. *See, e.g., Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (rejecting plaintiffs' argument that the court should decline to take judicial notice because the court could not consider the exhibits for "the truth of their contents"); *McGovney v. Aerohive Networks, Inc.*, 2019 WL 8137143, at *7 (N.D. Cal. Aug. 7, 2019) (same).

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

(9th Cir. 2017) (portions of annual report not "misleading to a reasonable person reading the statement fairly and in context" based on judicial notice of entire report). The RJN Opposition does not even attempt to address these cases.

### B.    Exhibits 1–7 Are the Proper Subject of Judicial Notice.

Plaintiff's objections to Defendants' request for judicial notice lack merit.

**Exhibit 1**: This appendix simply provides the challenged statements as well as relevant cautionary language as set out in the 356-page Registration Statement. Other courts have considered this type of appendix when considering a motion to dismiss. *See Waswick v. Torrid Holdings, Inc.*, 2023 WL 9197563, at *3 (N.D. Cal. Dec. 1, 2023) (providing "organizational work that the Court would otherwise have to take upon itself" is permissible); *see also Student v. Funko, Inc.*, 2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024). Plaintiff has not pointed to anything in Exhibit 1 that is inaccurate or mischaracterizes the Registration Statement. RJN Opp'n 5. And unlike the charts at issue in *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023), the appendix's contents are not "subject to reasonable dispute" because it merely recites language as it appears in the Registration Statement.

Plaintiff argues that this situation is different from *Torrid* because the plaintiff in *Torrid* submitted a competing appendix. RJN Opp'n 4–5. But Plaintiff could have submitted his own "competing" appendix; he chose not to and instead chose to present the challenged statements in his "shotgun pleading" complaint in series of jumbled paragraphs that take snippets of different phrases from the Registration Statement, omit key context and qualifying language, and then mash the out-of-context snippets together into an incoherent narrative that fails to explain what aspects of those excerpts are false or misleading and why. His decision not to file a competing appendix does not affect the Court's ability to rely on Defendants' appendix. And while the plaintiffs in *Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) and *In Re Acadia Pharms. Inc., Sec. Litig.*, 2020 WL

4

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

2838686, at *2–3 (S.D. Cal. June 1, 2020) filed motions to strike appendices, Plaintiff here chose not to do that either.

**Exhibit 2**: This appendix simply provides publicly available currency exchange rates. Plaintiff alleges that the source of the currency data cannot be judicially noticed because it is not from the Federal Reserve's website. RJN Opp'n at 6 (citing *Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143–44 (C.D. Cal. 2018)). But judicial notice only requires a source to be public and to provide an undisputed record. *See, e.g.*, *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1061 (C.D. Cal. 2012). Exchange-Rates.org is a public website that compiles publicly available currency exchange rate data. Plaintiff does not dispute the accuracy of the rates provided or claim that the conclusions drawn from the data—e.g., when the U.S. dollar depreciated and appreciated against the Korean won and Japanese yen—are inaccurate.[3] Nor could he, as several courts have relied on Exchange-Rates.org data. *See, e.g.*, *Zhongshan Fucheng Indus. Inv. Co. Ltd. v. Fed. Republic of Nigeria*, 112 F.4th 1054, 1060 n.2 (D.C. Cir. 2024); *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 909 (7th Cir. 2015). Therefore, the Court can consider this appendix.

**Exhibits 3–5, 7**: Plaintiff does not dispute that these exhibits are public documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." RJN Opp'n at 8–9 (quoting Fed. R. Evid. 201(b)(2)); *see also Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (judicially noticing SEC filings including documents containing alleged false statements and corrective disclosures in securities case); *Wochos v.*

---

[3]  Plaintiff does not point to any material difference between Exchange-Rates.org's exchange rates and the Federal Reserve website's exchange rates. Moreover, Plaintiffs' concession that foreign currency exchange rates are public is all this is required for the Court to adopt Defendants' argument that WEBTOON had no duty to disclose foreign currency exchange rate fluctuations in its Registration Statement.

5

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

*Tesla, Inc.*, 2018 WL 4076437, at \*2 (N.D. Cal. Aug. 27, 2018) ("[These] are documents that Tesla filed with the SEC. Given that Tesla publicly filed these documents, their accuracy cannot reasonably be questioned, and they are therefore appropriate subjects of judicial notice."). That should be the end of the matter.

Plaintiff takes issue with Defendants' request for judicial notice of Exhibit 7, WEBTOON's Q3 2024 Form 10-Q. RJN Opp'n at 10–11, 15–16. However, Plaintiff himself relies on this document multiple times in the Opposition. MTD Opp'n at 5–6, 23. As a result, Plaintiff incorporated the document by reference and can hardly object to its use. *Masimo Corp. v. Wireless*, 2020 WL 7260660, at \*5 n.4 (S.D. Cal. Dec. 10, 2020) (incorporation by reference doctrine extends to materials included in the plaintiff's opposition to a motion to dismiss (citing cases)). Even without this waiver, Exhibit 7 is properly subject to judicial notice as courts routinely take judicial notice of post-IPO SEC filings. *See, e.g.*, *In re Dropbox Sec. Litig.*, 2020 WL 6161502, at \*2, 4–5 (N.D. Cal. Oct. 21, 2020) (taking judicial notice of post-IPO quarterly reports).

**Exhibit 6**: Plaintiff argues that the Court cannot take judicial notice of this earnings call transcript because it was not filed with the SEC. RJN Opp'n at 11–12. That simply is not true. This Court and others have concluded that earnings call transcripts are properly the subject of judicial notice, regardless of whether the transcript was filed with the SEC. *See, e.g.*, *Berg v. Velocity Fin., Inc.*, 2021 WL 268250, at \*2 (C.D. Cal. Jan. 25, 2021) (taking judicial notice of a conference call transcript not filed with the SEC); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1124 (N.D. Cal. 2017) (taking judicial notice of Twitter's earnings calls); *In re Century Aluminum Co. Sec. Litig.*, 749 F. Supp. 2d 964, 979–80 (N.D. Cal. 2010) (overruling objections and granting judicial notice of conference call transcripts); *see also City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (finding that earnings calls are the proper subject of judicial notice); *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (taking judicial notice of earnings calls referenced in the complaint); *In re Ditech*

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

*Comms. Corp. Sec. Litig.*, 2006 WL 2319784, at *5 (N.D. Cal. Aug. 10, 2006) (finding earnings conference call transcripts and publicly filed documents subject to judicial notice).

## III.   CONCLUSION

Plaintiff's attempt to prevent the Court from considering the full context of the documents on which he relies to plead his claims, and Defendants' actual statements to investors, speaks volumes about Plaintiff's confidence in the Complaint's allegations. Having conceded that the doctrines of incorporation by reference or judicial notice apply, Plaintiff offers no valid reason why Defendants' Exhibits are not appropriately considered pursuant to those well-established doctrines. Plaintiff's objections should be overruled, and Defendants' RJN should be granted.

DATED:  March 18, 2025

KIRKLAND & ELLIS LLP

*/s/ Austin Norris*
Austin Norris (SBN 284603)
austin.norris@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900

Edward Hillenbrand (SBN 310872)
edward.hillenbrand@kirkland.com
KIRKLAND & ELLIS LLP
555 South Flower Street
Los Angeles, CA 90071
Tel.: (213) 680-8400
Fax: (213) 680-8500

Stefan H. Atkinson, P.C. (admitted *pro hac vice*)
stefan.atkinson@kirkland.com

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**

Jordan D. Peterson, P.C. (admitted *pro hac vice*)
jordan.peterson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for WEBTOON and the Individual Defendants*

8

**DEFENDANTS' REPLY IN SUPPORT OF THEIR RJN**