ROBBINS GELLER RUDMAN
 & DOWD LLP
ROBERT R. HENSSLER JR. (216165)
ASHLEY M. KELLY (281597)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WEBTOON ENTERTAINMENT INC., et al., <br><br> Defendants. | Case No. 2:24-cv-07553-CBM-RAO <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY |

4929-8563-3637.v1

Attached as Exhibit A is a true and correct copy of the August 29, 2025 decision of the United States Court of Appeals for the Ninth Circuit in *Sodha v. Golubowski*, 2025 WL 2487954 (9th Cir. 2025) in which the Ninth Circuit vacated and remanded, in part, a district court order granting a motion to dismiss, and holding "that the district court applied the wrong legal standard in evaluating Section 11's 'misleading' prong and Item 303." *Golubowski*, 2025 WL 2487954, at *2.

In *Golubowski*, the Ninth Circuit rejected the "extreme departure" test, noting "[a] more holistic approach, focusing on the 'total mix of information' available to investors is the appropriate standard" for evaluating "Plaintiffs' theory pursuant to Section 11's 'misleading' prong." *Id.* at *11-*12 (internal citations omitted).  In opposing Defendants' Motion to Dismiss Consolidated Complaint with Prejudice (ECF 61) ("MTD"), Lead Plaintiff Dr. Byung-Gon Sung ("Plaintiff") likewise argued that the "extreme" or "extraordinary" departure standard does not apply to his §11 claim premised on misleading statements and omissions.  *See* Opposition to Defendants' Motion to Dismiss Consolidated Complaint with Prejudice (ECF 67) (the "Opposition") at 12, 16.[1]

Consistent with the Opposition (*see* Opposition at 22), the Ninth Circuit also confirmed there is no "bright-line" rule for determining whether a pattern constitutes a trend requiring disclosure under Item 303.  *Golubowski*, 2025 WL 2487954, at *13.  In vacating dismissal of the §11 claim premised on Item 303, the Ninth Circuit also made clear that "Item 303 covers more than just trends . . . . [and that] [u]nlike 'trends,' 'uncertainties' and 'events' are not restricted to patterns with some minimum duration." *Id.* at *14; *see also* Consolidated Complaint for Violations of the Federal Securities Laws (ECF 60), at ¶¶83-84; Opposition at 21-22.

---

[1]    The Ninth Circuit "primarily use[d] the term 'extreme'" in its opinion, and noted "[t]he district court used both 'extraordinary' and 'extreme' to describe the degree of decline necessary to make the registration statement misleading." *Golubowski*, 2025 WL 2487954, at *8 n.2.

- 1 -

DATED:  September 2, 2025

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT R. HENSSLER JR.
ASHLEY M. KELLY
RACHEL C. BRABY

s/ Ashely M. Kelly
ASHLEY M. KELLY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 2 -

4929-8563-3637.v1