ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT R. HENSSLER JR. (216165)
ASHLEY M. KELLY (281597)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:24-cv-07553-CBM-RAO |
| | CLASS ACTION |
| Plaintiff, | UNOPPOSED MOTION FOR CLARIFICATION OF THE COURT'S ORDER REGARDING DEFENDANTS' MOTION TO DISMISS CONSOLIDATED COMPLAINT WITH PREJUDICE |
| vs. | |
| WEBTOON ENTERTAINMENT INC., et al., | |
| Defendants. | |

4897-9061-4139.v1

Plaintiff Dr. Byung-Gon Sung ("Plaintiff"), by and through his counsel, respectfully submits this Unopposed Motion For Clarification of the Court's Order Regarding Defendants' Motion to Dismiss Consolidated Complaint with Prejudice (the "Motion") of the Court's November 14, 2025 Order on Defendants' Motion to Dismiss the Consolidated Complaint with Prejudice (the "Order"). ECF 77. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 21, 2025.

Plaintiff filed the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") on February 3, 2025. ECF 60.[1] The Complaint alleges that Defendants[2] issued false and misleading statements in connection with Defendant WEBTOON Entertainment, Inc.'s initial public offering in violation of §§11 and 15 of the Securities Act of 1933 (15 U.S.C. §§77k and 77o) (the "Securities Act"), including by failing to comply with Items 105 and 303 of the U.S. Securities and Exchange Commission's Regulation S-K. *See, e.g.*, ¶¶15, 76.

The Order notes that Plaintiff asserted two causes of action under the Securities Act. *See* Order at 1-2 ("The operative complaint asserts two causes of action: (1) violation of Section 11 of the Securities Exchange [*sic*] Act (the 'Act'), 15 U.S.C. § 77k against all Defendants; and (2) violation of Section 15 of the Act against the Individual Defendants."). The Order largely upheld Plaintiff's claims. *See* Order at 19.

---

[1]    All "¶_" and "¶¶__" references are to the Complaint.

[2]    Defendants refers to WEBTOON Entertainment Inc., Junkoo Kim, David J. Lee, Haejin Lee, Namsun Kim, Jun Masuda, Isabelle Winkles, Nancy Dubuc, Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group LLC, Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc. Raymond James & Associates, Inc., and Liontree Advisors LLC.

- 1 -

4897-9061-4139.v1

However, the Order appears to reference §10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S. C. §78j) and SEC Rule 10b-5 promulgated thereunder, rather than §11 of the Securities Act:

> Accordingly, the Court rules on Defendants' Motion to Dismiss and Underwriter Defendants' Joinder to the Motion as follows:
>
> (1) The Court GRANTS the Motion to Dismiss and Joinder as to Plaintiff's **Section 10(b) and Rule 10b-5** claim with respect to statements regarding revenue prospects (Compl. ¶¶ 61-65), and DENIES the Motion to Dismiss and Joinder as to Plaintiff's **Section 10(b) and Rule 10b-5** claim based on monthly active user levels and risk disclosures (Compl. ¶¶ 57-59, 67, 70, 71, 74);
>
> (2) The Court DENIES the Motion to Dismiss and Joinder as to Plaintiff's Regulations S-K claim; and
>
> (3) The Court DENIES the Motion to Dismiss and Joinder as to Plaintiff's Section 15 claim.
>
> IT IS SO ORDERED.

*See, e.g., id.* (emphasis added); *see also id.* at §II.B; *id.* at Page 6, Lines 1-6. The Complaint did not allege any claims arising under the Exchange Act.  Thus, Plaintiff understands the Order's references to §10(b) and Rule 10b-5 to be typographical errors.

Therefore, Plaintiff respectfully requests that the Court clarify the Order to reflect that Plaintiff's claims arise under §11 of the Securities Act (rather than §10(b) of the Securities Exchange Act), specifically as to:

- §II.B ("Pleadings Requirements for Section 10(b) and Rule 10b-5 Claims");

- Page 6, Lines 1-6 (noting "[t]he elements of a securities fraud action pursuant to Section 10(b) and Rule 10b-5"); and,

- Page 19, Lines 11-15 of the Conclusion.

Plaintiff believes this clarification will ensure that the record is clear and that the Order accurately reflects the §11 claims upheld (and dismissed) by the Court.

- 2 -

Defendants have indicated that they do not oppose this limited relief. Accordingly, Plaintiff requests the Court grant the Motion.

DATED: November 25, 2025

ROBBINS GELLER RUDMAN & DOWD LLP
ROBERT R. HENSSLER JR.
ASHLEY M. KELLY
RACHEL C. BRABY

s/ Ashley M. Kelly
ASHLEY M. KELLY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 3 -

4897-9061-4139.v1