GIBSON, DUNN & CRUTCHER LLP
BRIAN M.  LUTZ, SBN 255976
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:   415.393.8306
blutz@gibsondunn.com

GIBSON, DUNN & CRUTCHER LLP
JESSICA VALENZUELA, SBN 220934
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:  650.849.5300
Facsimile:   650.849.5333
jvalenzuela@gibsondunn.com

*Attorneys for Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc., Raymond James & Associates, Inc., and LionTree Advisors LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WEBTOON ENTERTAINMENT INC., et al.,<br><br>Defendant. | Case No. 2:24-cv-07553-CBM-RAO<br><br><u>CLASS ACTION</u><br><br>UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

**ANSWER TO CONSOLIDATED COMPLAINT**

Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc., Raymond James & Associates, Inc., and LionTree Advisors LLC (collectively, the "Underwriter Defendants"), through their undersigned attorneys, respectfully submit this Answer to the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint") filed on February 3, 2025, by Lead Plaintiff Dr. Byung-Gon Sung ("Plaintiff") (ECF No. 60).

**GENERAL DENIAL**

In collectively responding to the allegations of the Complaint, the Underwriter Defendants: (i) incorporate into each such response a denial of all allegations in the Complaint (including those outside the knowledge or information of the Underwriter Defendants) to the extent that they assert or suggest that the registration statement, as amended, filed on June 17, 2024, and prospectus dated June 26, 2024 (together with all prior versions or subsequent amendments thereof, including materials incorporated by reference, the "Offering Documents") for the June 27, 2024 initial public offering of WEBTOON Entertainment Inc. ("WEBTOON" or the "Company") common stock (the "Offering" or "IPO") contained material misstatements or omissions, or to the extent that they assert any factual allegations that are inconsistent with or contrary to the Offering Documents, to which the Underwriter Defendants refer the Court for a complete and accurate statement of their contents; (ii) deny any averments in the headings and subheadings of the Complaint; (iii) deny all allegations not expressly admitted; and (iv) in all events intend to respond only to allegations directed at each of them individually, and none of the responses should be deemed to be responding to allegations that are directed solely to other defendants.

In the December 2, 2025 Amended Order Re: Defendant's Motion to Dismiss

-1-

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

Consolidated Complaint with Prejudice (the "Order") (ECF No. 82), the Court dismissed Plaintiff's claims with respect to statements regarding revenue prospects and growth opportunities, as alleged in Paragraphs 61, 62, 64, and 65 of the Complaint as non-actionable corporate puffery. Order at 11. Therefore, the Underwriter Defendants do not respond to any allegations that pertain only to these dismissed statements.

The Underwriter Defendants further respond to the specific allegations in the Complaint as follows:

## SPECIFIC RESPONSES

1. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

2. The Underwriter Defendants deny the allegations in Paragraph 2, except to admit that WEBTOON held its initial public offering on June 27, 2024 at a price of $21 per share.

3. The Underwriter Defendants deny that the allegations in Paragraph 3 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures, except to admit that WEBTOON is a global storytelling platform founded in Korea in 2005 by defendant Junkoo Kim and that WEBTOON conducted its IPO on June 27, 2024, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

4. The Underwriter Defendants need not respond to the allegations in Paragraph 4 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 4 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer

the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

5. The Underwriter Defendants deny that the allegations in Paragraph 5 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures, except to admit that the IPO occurred near the end of WEBTOON's second quarter of 2024, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

6. The Underwriter Defendants need not respond to the allegations in Paragraph 6 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 6 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

7. The Underwriter Defendants need not respond to the allegations in Paragraph 7 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 7 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

8. The Underwriter Defendants deny that the allegations in Paragraph 8 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public

disclosures, except to admit there are risks inherent in investing in any global business, and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

9.     The Underwriter Defendants deny the allegations in Paragraph 9.

10.     The Underwriter Defendants deny the allegations in Paragraph 10.

11.     The Underwriter Defendants need not respond to the allegations in Paragraph 11 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 11.

12.     To the extent that the allegations contained in Paragraph 12 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 12.

13.     To the extent that the allegations contained in Paragraph 13 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 13.

14.     The Underwriter Defendants deny that the allegations in Paragraph 14, including those in the "WEBTOON Stock Price" chart, accurately or fairly describe the factors affecting the stock price movement described therein.

15.     To the extent that the allegations in Paragraph 15 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 15, except to admit that Plaintiff purports to bring this action pursuant to the statutes cited therein.

16.     To the extent that the allegations in Paragraph 16 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants admit that this Court has subject matter jurisdiction over this action.

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

17. To the extent that the allegations in Paragraph 17 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. To the extent that the allegations in Paragraph 18 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 involving defendants other than the Underwriter Defendants, and admit that the Underwriter Defendants used certain means and instrumentalities of interstate commerce in connection with underwriting the Offering.

19. To the extent that the allegations in Paragraph 19 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Plaintiff's purchase of WEBTOON stock, except to admit that on November 4, 2024, Lead Plaintiff filed with this Court a certification purporting to identify certain of its transactions in WEBTOON's common stock.

20. The Underwriter Defendants admit on information and belief that WEBTOON is a Delaware corporation with its principal executive offices located in Los Angeles, California and that its common stock trades on the Nasdaq Global Select Market exchange under the symbol "WBTN."

21. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, except to admit that Junkoo Kim was Founder, Chief Executive Officer, and Chairman of the Board of Directors of the Company at the time of the IPO and signed the Registration Statement.

GIBSON, DUNN & CRUTCHER LLP
ATTORNEYS AT LAW

-5-

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

22. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, except to admit that David J. Lee was Chief Financial Officer, Chief Operating Officer, and Director of the Company at the time of the IPO and signed the Registration Statement.

23. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, except to admit that Haejin Lee was Director of the Company at the time of the IPO.

24. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, except to admit that Namsum Kim was Director of the Company at the time of the IPO.

25. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, except to admit that Jun Masuda was Director of the Company at the time of the IPO.

26. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, except to admit that Isabelle Winkles was Director of the Company at the time of the IPO.

27. The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, except to admit that Nancy Dubuc was Director of the Company at the time of the IPO.

28. Because Paragraph 28 contains no factual allegations, no responsive pleading is required.

29. The Underwriter Defendants deny the allegations in Paragraph 29, except to admit Goldman Sachs & Co. LLC ("Goldman Sachs") was an underwriter of the IPO and agreed to underwrite 4,575,500 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

30. The Underwriter Defendants deny the allegations in Paragraph 30, except to admit Morgan Stanley & Co. LLC ("Morgan Stanley") was an underwriter of the IPO and agreed to underwrite 4,275,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

31. The Underwriter Defendants deny the allegations in Paragraph 31, except to admit J.P. Morgan Securities LLC ("J.P. Morgan") was an underwriter of the IPO and agreed to underwrite 2,550,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

32. The Underwriter Defendants deny the allegations in Paragraph 32, except to admit Evercore Group L.L.C. ("Evercore") was an underwriter of the IPO and agreed to underwrite 1,125,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

33. The Underwriter Defendants deny the allegations in Paragraph 33, except to admit Deutsche Bank Securities Inc. ("Deutsche Bank") was an underwriter of the IPO and agreed to underwrite 750,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

34. The Underwriter Defendants deny the allegations in Paragraph 34, except to admit UBS Securities LLC ("UBS") was an underwriter of the IPO and agreed to underwrite 750,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

35. The Underwriter Defendants deny the allegations in Paragraph 35, except to admit HSBC Securities (USA) Inc. ("HSBC") was an underwriter of the

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

-7-

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

IPO and agreed to underwrite 450,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

36.    The Underwriter Defendants deny the allegations in Paragraph 36, except to admit Raymond James & Associates, Inc. ("Raymond James") was an underwriter of the IPO and agreed to underwrite 300,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

37.    The Underwriter Defendants deny the allegations in Paragraph 37, except to admit LionTree Advisors LLC ("LionTree") was an underwriter of the IPO and agreed to underwrite 225,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

38.    Because Paragraph 38 contains no factual allegations, no responsive pleading is required.

39.    To the extent that the allegations contained in Paragraph 39 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 39, except to admit that the Underwriter Defendants performed underwriting services with respect to the IPO and conducted due diligence in connection therewith.

40.    To the extent that the allegations contained in Paragraph 40 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 40, except to admit that the Underwriter Defendants performed underwriting services with respect to the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

41.    The Underwriter Defendants deny the allegations in Paragraph 41.

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

42.     The Underwriter Defendants deny the allegations in Paragraph 42, except to admit that the SEC declared the Registration Statement effective on June 26, 2024, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

43.     The Underwriter Defendants deny the allegations in Paragraph 43, except to admit that WEBTOON sold shares of common stock to the public in the IPO pursuant to the Offering Documents at $21 per share, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

44.     The Underwriter Defendants deny the allegations in Paragraph 44, except to admit that WEBTOON's fiscal year corresponds with the calendar year and that WEBTOON's second quarter of 2024 ended on June 30, 2024.

45.     The Underwriter Defendants deny that the allegations in Paragraph 45 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

46.     The Underwriter Defendants deny that the allegations in Paragraph 46 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

47.     The Underwriter Defendants deny that the allegations in Paragraph 47 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

48.    The Underwriter Defendants deny that the allegations in Paragraph 48 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

49.    The Underwriter Defendants need not respond to the allegations in Paragraph 49 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order.  The Underwriter Defendants deny that the allegations in Paragraph 49 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

50.    The Underwriter Defendants deny that the allegations in Paragraph 50 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

51.    The Underwriter Defendants need not respond to the allegations in Paragraph 51 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order.  The Underwriter Defendants deny that the allegations in Paragraph 51 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

52.    The Underwriter Defendants deny that the allegations in Paragraph 52 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

53. The Underwriter Defendants deny that the allegations in Paragraph 53 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

54. The Underwriter Defendants need not respond to the allegations in Paragraph 54 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. The Underwriter Defendants deny that the allegations in Paragraph 54 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

55. The Underwriter Defendants deny that the allegations in Paragraph 55 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

56. The Underwriter Defendants need not respond to the allegations in Paragraph 56 to the extent they state a legal conclusion and/or are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 56.

57. The Underwriter Defendants deny that the allegations in Paragraph 57, including those in the "Global MAU – Year over Year Growth" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

-11-

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

58. The Underwriter Defendants deny that the allegations in Paragraph 58 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

59. The Underwriter Defendants deny that the allegations in Paragraph 59 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

60. To the extent that the allegations contained in Paragraph 60 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations contained in Paragraph 60, including those in the "Global MAU – Undisclosed Negative YOY Growth Trend" chart.

61. The Underwriter Defendants need not respond to the allegations in Paragraph 61 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, The Underwriter Defendants deny that the allegations in Paragraph 61 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

62. The Underwriter Defendants need not respond to the allegations in Paragraph 62 to the extent they are relevant only to claims dismissed in the Court's

GIBSON, DUNN & CRUTCHER LLP
ATTORNEYS AT LAW

-12-

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 62 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

63. The Underwriter Defendants need not respond to the allegations in Paragraph 63 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. The Underwriter Defendants deny that the allegations contained in Paragraph 63, including those in the "Global YOY Growth" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

64. The Underwriter Defendants need not respond to the allegations in Paragraph 64 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 64 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

65. The Underwriter Defendants need not respond to the allegations in Paragraph 65 to the extent they are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 65 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance

with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

66. The Underwriter Defendants need not respond to the allegations in Paragraph 66 to the extent they state a legal conclusion and/or are relevant only to claims dismissed in the Court's December 2, 2025 Order. To the extent a response is required, the Underwriter Defendants deny that the allegations in Paragraph 66 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

67. The Underwriter Defendants deny that the allegations in Paragraph 67 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

68. To the extent that the allegations contained in Paragraph 68 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 68 and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

69. To the extent that the allegations contained in Paragraph 69 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 69 and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

-14-

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

70.     The Underwriter Defendants deny that the allegations in Paragraph 70 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

71.     The Underwriter Defendants deny that the allegations in Paragraph 71 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

72.     The Underwriter Defendants deny that the allegations in Paragraph 72 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

73.     The Underwriter Defendants deny that the allegations in Paragraph 73 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

74.     The Underwriter Defendants deny that the allegations in Paragraph 74 present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

75.     The Underwriter Defendants deny the allegations in Paragraph 75.

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

76.    To the extent that the allegations contained in Paragraph 76 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 76 present a fair and complete description of the background and scope of the rules and regulations referred to therein, and respectfully refer the Court to the full text of such provisions.

77.    To the extent that the allegations contained in Paragraph 77 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 77 present a fair and complete description of the background and scope of the rules and regulations referred to therein, and respectfully refer the Court to the full text of such provisions.

78.    To the extent that the allegations contained in Paragraph 78 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 78 present a fair and complete description of the background and scope of the guidance referred to therein, and respectfully refer the Court to the full text of such guidance.

79.    To the extent that the allegations contained in Paragraph 79 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 79 present a fair and complete description of the background and scope of the rules and regulations referred to therein, and respectfully refer the Court to the full text of such provisions.

80.    To the extent that the allegations contained in Paragraph 80 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 80 present a fair and complete description of the background and scope of the SEC

GIBSON, DUNN & CRUTCHER LLP
ATTORNEYS AT LAW

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

release referred to therein, and respectfully refer the Court to the full text of such release.

81. To the extent that the allegations contained in Paragraph 81 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 81 present a fair and complete description of the background and scope of the guidance referred to therein, and respectfully refer the Court to the full text of such guidance.

82. To the extent that the allegations contained in Paragraph 82 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 82 present a fair and complete description of the background and scope of the rules and regulations referred to therein, and respectfully refer the Court to the full text of such provisions.

83. The Underwriter Defendants deny the allegations in Paragraph 83.

84. To the extent that the allegations contained in Paragraph 84 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 84.

85. The Underwriter Defendants deny that the allegations in Paragraph 85, including those in the "Global MAU Trend" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a description of such matters as of the time of the Offering.

86. The Underwriter Defendants deny that the allegations in Paragraph 86, including those in the "Global MAU – Undisclosed Negative YOY Growth Trend" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

-17-

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

disclosures and respectfully refer the Court to the Offering Documents for a description of such matters as of the time of the Offering.

87. The Underwriter Defendants deny that the allegations in Paragraph 87, including those in the "Rest of World – MAU (in millions)" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a description of such matters as of the time of the Offering.

88. The Underwriter Defendants deny that the allegations in Paragraph 88, including those in the "Rest of the World YoY MAU Growth" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a description of such matters as of the time of the Offering.

89. To the extent that the allegations contained in Paragraph 89 state a legal conclusion, no responsive pleading is required. To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 89.

90. The Underwriter Defendants deny that the allegations in Paragraph 90, including those in the "Average Revenue Per Paying User (in USD)" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public disclosures and respectfully refer the Court to the Offering Documents for a description of such matters as of the time of the Offering.

91. The Underwriter Defendants deny that the allegations in Paragraph 91, including those in the "ARPPU – Undisclosed Negative Growth Trend" chart, present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards, and/or public

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

disclosures and respectfully refer the Court to the Offering Documents for a description of such matters as of the time of the Offering.

92.   To the extent that the allegations contained in Paragraph 92 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 92.

93.   The Underwriter Defendants deny the allegations in Paragraph 93.

94.   To the extent that the allegations contained in Paragraph 94 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 94.

95.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95, and deny the "Strength of JPY to USD" chart is a fair and complete depiction of the strength of the Japanese Yen compared to USD.

96.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96, and deny the "Strength of Korean Won to USD" chart is a fair and complete depiction of the strength of the Korean Won compared to USD.

97.   Because Paragraph 97 contains no factual allegations, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 97 and Footnote 1.

98.   To the extent that the allegations contained in Paragraph 98 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 98.

99.   The Underwriter Defendants deny that the allegations contained in Paragraph 99, including those in the "Revenue by Quarter Disclosed in Registration Statement" chart present a fair and complete description of WEBTOON's business, operations, financial condition, compliance with applicable accounting standards,

and/or public disclosures and respectfully refer the Court to the Offering Documents for a complete description of such matters as of the time of the Offering.

100.   To the extent that the allegations contained in Paragraph 100 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 100.

101.   To the extent that the allegations contained in Paragraph 101 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny that the allegations of Paragraph 101 present a fair and complete description of the background and scope of the rules and regulations referred to therein, and respectfully refer the Court to the full text of such provisions

102.   To the extent that the allegations contained in Paragraph 102 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 102.

103.   To the extent that the allegations contained in Paragraph 103 state a legal conclusion, no responsive pleading is required.  To the extent that a response is required, the Underwriter Defendants deny the allegations in Paragraph 103.

104.   The Underwriter Defendants deny the allegations contained in Paragraph 104, except to admit the Company filed a Form 8-K with the SEC on August 8, 2024.

105.   The Underwriter Defendants deny that the allegations in Paragraph 105 present a fair and complete description of the press release cited therein, and respectfully refer the Court to the press release for an accurate statement of its contents.

106.   The Underwriter Defendants deny that the allegations in Paragraph 106 present a fair and complete description of the shareholder letter cited therein, and

respectfully refer the Court to the shareholder letter for an accurate statement of its contents.

107.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107.

108.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108.

109.   The Underwriter Defendants deny that any stock price movement or purported investor harm was the result of any alleged deficiency in the Offering Documents or conduct of the Underwriter Defendants, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

110.   The Underwriter Defendants deny that the allegations in Paragraph 110 present a fair and complete description of the earnings release cited therein and respectfully refer the Court to the earnings release for an accurate statement of its contents.

111.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111.

112.   The Underwriter Defendants deny the allegations in the first sentence of Paragraph 112, and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 112.

113.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113.

114.   The Underwriter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 114.

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

115.    The Underwriter Defendants deny the allegations in Paragraph 115,  and respectfully refer the Court to public market sources for a true and accurate record of the closing prices on relevant days.

116.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 116.

117.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 117.

118.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 118.

119.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 119.

120.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 120.

121.    The Underwriter Defendants deny that this case is appropriate for class action treatment and deny all other allegations in Paragraph 121.

122.    The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

123.    To the extent that the allegations in Paragraph 123 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 123 and deny that this case is appropriate for class action treatment, except to admit that Plaintiff purports to bring his claim under Section 11 of the Securities Act as described therein.

124.    To the extent that the allegations in Paragraph 124 state a legal conclusion, no responsive pleading is required.  To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 124, except to admit that Plaintiff purports to bring his claim under Section 11 of the Securities Act as described therein.

125. To the extent that the allegations in Paragraph 125 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 125.

126. To the extent that the allegations in Paragraph 126 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 126, except to admit WEBTOON was the registrant for the IPO.

127. To the extent that the allegations in Paragraph 127 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 127.

128. To the extent that the allegations in Paragraph 128 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 128.

129. To the extent that the allegations in Paragraph 129 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 129.

130. To the extent that the allegations in Paragraph 130 state a legal conclusion, no responsive pleading is required. To the extent a response is required, the Underwriter Defendants deny the allegations in Paragraph 130.

131. The Underwriter Defendants deny the allegations in Paragraph 131, except to admit that the initial complaint was filed within three years of the time that WEBTOON first offered the shares covered by the Offering Documents to the investing public.

132. The Underwriter Defendants repeat and reallege each and every response set forth above as if fully set forth herein.

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

133. The allegations in Paragraph 133 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.

134. To the extent that the allegations in Paragraph 134 state a legal conclusion, no responsive pleading is required. The allegations in Paragraph 134 are not directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.

135. To the extent that the allegations in Paragraph 135 state a legal conclusion, no responsive pleading is required. Based on the allegations set forth in Paragraph 135, the allegations in Paragraph 135 do not appear directed at the Underwriter Defendants, and therefore the Underwriter Defendants are not required to answer such allegations.

## ANSWER TO PRAYER FOR RELIEF

The Underwriter Defendants deny that Plaintiff and the putative class are entitled to any relief against the Underwriter Defendants, and the Underwriter Defendants respectfully request that the Court dismiss all the claims against them with prejudice and order such further relief as the Court deems just and proper.

## ANSWER TO JURY DEMAND

The Underwriter Defendants state that no response to Plaintiff's demand for trial by jury is required.

## UNDERWRITER DEFENDANTS' AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, the Underwriter Defendants assert the following separate and additional defenses, all of which are pleaded in the alternative, and none of which constitutes an admission that the Underwriter Defendants are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief

GIBSON, DUNN & CRUTCHER LLP
ATTORNEYS AT LAW

whatsoever.  These defenses are asserted only as to the surviving claims as identified in the Court's December 2, 2025 Order.  As a defense to the Complaint and each and every allegation contained therein, the Underwriter Defendants allege:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, lack standing to assert the causes of action alleged, including to the extent they did not purchase WEBTOON stock in or traceable to WEBTOON's IPO.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because the Underwriter Defendants had no knowledge of or reasonable ground to believe in the existence of any alleged inaccuracy of any material misrepresentation or omission allegedly made by them, including under 15 U.S.C. § 77o(a).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because WEBTOON's Offering Materials and other information made available by WEBTOON in connection with Plaintiff's alleged investments, and the investments of the putative class that Plaintiff purports to represent, sufficiently bespoke caution of the risks and material issues associated with investment in WEBTOON, and accordingly any statements made by Defendants are not actionable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because the Underwriter Defendants, after reasonable investigation, due diligence, and/or consultation with experts or advisors,

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW

-25-

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

had reasonable grounds to believe, and did believe, that statements allegedly made by them were true and contained all material facts required to be disclosed in WEBTOON's Registration Statement to make those statements not misleading, including under 15 U.S.C. § 77k(b)(3).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, would have purchased WEBTOON shares as they did, even with full knowledge of the facts that Plaintiff, and the putative class that Plaintiff purports to represent, have now alleged were misrepresented or omitted by Defendants, including under 15 U.S.C. § 77k(a).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because any alleged damages that Plaintiff, or the putative class that Plaintiff purports to represent, suffered were caused by independent, intervening, and/or superseding events beyond Defendants' alleged material misrepresentations or omissions.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, cannot prove that Plaintiff, or the putative class that Plaintiff purports to represent, suffered any cognizable injury, and further, the damages alleged by Plaintiff, and the putative class that Plaintiff purports to represent, if any, are speculative, uncertain, and/or contingent in violation of applicable law, including 15 U.S.C. § 77k(e).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to

represent, are barred in whole or in part inasmuch as Plaintiff, or the putative class that Plaintiff purports to represent, sold their WEBTOON shares for a greater price than the price at which they purchased them, and therefore suffered no losses from their purchase of WEBTOON shares.

## NINTH AFFIRMATIVE DEFENSE

Any recovery for damages allegedly incurred by Plaintiff, or the putative class that Plaintiff purports to represent, should be offset in the amount of any tax benefits or other benefits received by Plaintiff, or the putative class that Plaintiff purports to represent, in connection with their ownership of WEBTOON shares.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred in whole or in part because Plaintiff, and the putative class that Plaintiff purports to represent, knew of the alleged material misrepresentations and omissions complained of.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff, and the putative class that Plaintiff purports to represent, are precluded from recovering attorneys' fees, experts' fees, and/or costs under applicable provisions of law, including under 15 U.S.C. § 77k(e).

## TWELFTH AFFIRMATIVE DEFENSE

Any damage, loss or liability sustained by Plaintiff, and the putative class that Plaintiff purports to represent, must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than the Underwriter Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are entitled to recover contribution from others

for any liability they incur as a result of any of the purported misrepresentations, omissions, and conduct alleged in the claims against the Underwriter Defendants.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of the putative class that Plaintiff purports to represent, are barred, in whole or in part, under the doctrines of acquiescence, unclean hands, estoppel, res judicata, waiver, ratification, laches and other related doctrines and principles, or any one of them.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Underwriter Defendants are not liable because to the extent that Plaintiff, and the putative class that Plaintiff purports to represent, has been damaged, if at all, their failure to mitigate their damages bars recovery.

## RESERVATION OF RIGHTS

The Underwriter Defendants reserve the right to amend these affirmative defenses and to assert additional affirmative defenses as the facts of this matter become known through litigation and discovery, including if Plaintiff should be granted leave for any future amendments. The Underwriter Defendants further reserve the right to amend this Answer to raise any additional cross-claims or third-party claims not asserted herein as may be warranted by the revelation of information during discovery and investigation.

## PRAYER FOR RELIEF

Wherefore, the Underwriter Defendants pray as follows:

GIBSON, DUNN & CRUTCHER LLP
ATTORNEYS AT LAW

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

1. That Plaintiff take nothing by the Complaint;

2. That the Complaint be dismissed with prejudice;

3. That the Court enter judgment in favor of the Underwriter Defendants and against Plaintiff, with respect to the surviving claims not previously dismissed in the Court's December 2, 2025 Order;

4. That the Court award the Underwriter Defendants attorneys' fees and costs reasonably incurred in the defense of this action, including but not limited to under 15 U.S.C.§§ 77k(e) and 77z-1(c);

5. For such other and further relief as the Court may deem just and proper.

DATED: January 9, 2025            GIBSON, DUNN & CRUTCHER LLP


By:  ___/s/  Brian M. Lutz___
              Brian M.  Lutz

BRIAN M.  LUTZ, SBN 255976
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:  415.393.8200
Facsimile:   415.393.8306
blutz@gibsondunn.com

JESSICA VALENZUELA, SBN 220934
310 University Avenue
Palo Alto, CA 94301-1744
Telephone:  650.849.5300
Facsimile:   650.849.5333
jvalenzuela@gibsondunn.com

*Attorneys for Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc., Raymond James & Associates, Inc., and LionTree Advisors LLC*

UNDERWRITER DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT

GIBSON, DUNN &
CRUTCHER LLP
ATTORNEYS AT LAW