Austin Norris (SBN 284603)
austin.norris@kirkland.com
Edward Hillenbrand (SBN 310872)
edward.hillenbrand@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900

[Additional counsel on signature block]

*Attorneys for WEBTOON Entertainment
Inc. and the Individual Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff<br><br>    v.<br><br>WEBTOON ENTERTAINMENT INC., et. al.,<br><br>    Defendants. | Case No. 2:24-cv-07553-CBM-RAO<br><br>**DEFENDANTS WEBTOON ENTERTAINMENT INC., JUNKOO KIM, DAVID J. LEE, HAEJIN LEE, NAMSUN KIM, JUN MASUDA, ISABELLE WINKLES, AND NANCY DUBUC'S ANSWER TO CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Complaint Filed:<br>September 5, 2024<br><br>Consolidated Complaint Filed:<br>February 3, 2025 |

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

## ANSWER TO CONSOLIDATED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Defendants WEBTOON Entertainment Inc. ("WEBTOON" or the "Company"), Junkoo Kim, David J. Lee, Haejin Lee, Namsun Kim, Jun Masuda, Isabelle Winkles, and Nancy Dubuc (collectively with WEBTOON, "Defendants") submit the following answer and affirmative defenses to the Consolidated Complaint For Violations Of The Federal Securities Laws, dated February 3, 2025 (the "Complaint," ECF 60), as follows:

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint, except as otherwise expressly admitted in Paragraphs 1 through 136 below. Any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Complaint as a whole. Defendants specifically deny liability to Lead Plaintiff and the putative Class Members and deny that Lead Plaintiff and the putative Class Members have suffered any legally cognizable damages for which Defendants are responsible. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied. Defendants expressly reserve the right to amend and/or supplement their answer and expressly reserve any and all defenses that may be available. Answers to each paragraph of the Complaint are made by Defendants without waiving, but expressly reserving, all rights they may have to seek relief by appropriate motions directed to the allegations in the Complaint.

With respect to all paragraphs in the Complaint in which Lead Plaintiff prays for damages or other relief, Defendants deny that Lead Plaintiff and the putative Class Members are entitled to that relief under the law.

By responding to any allegation in the Complaint, Defendants make no admission that such allegation is relevant to Lead Plaintiff's claims or is an appropriate subject of discovery, and expressly reserve all rights in this regard.

1

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

## SPECIFIC RESPONSES

1.      Paragraph 1 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 1 states legal conclusions, to which no response is required.

2.      Defendants deny the allegations in paragraph 2, except to the extent paragraph 2 states legal conclusions, to which no response is required.

3.      Defendants admit that WEBTOON is a global storytelling platform founded in Korea in 2005 by Junkoo Kim and that the Company completed its IPO on June 27, 2024. Defendants deny the remaining allegations in paragraph 3.

4.      Defendants deny that the allegations in paragraph 4 contain a fair and complete description of the Registration Statement (as amended) and Prospectus (collectively, the "Registration Statement") quoted therein, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 4.

5.      Defendants deny that the allegations in paragraph 5 contain a fair and complete description of the Registration Statement quoted therein, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 5.

6.      Defendants deny that the allegations in paragraph 6 contain a fair and complete description of the Registration Statement quoted therein, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 6.

7.      The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 7 based on Defendants' revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 7 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the

2

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 7.

8. Defendants deny that the allegations in paragraph 8 contain a fair and complete description of the Registration Statement quoted therein, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 8.

9. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 9 based on Defendants' revenue statements. Defendants deny that the allegations in paragraph 9 contain a fair and complete description of the Registration Statement quoted therein, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 9.

10. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 10 based on Defendants' revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 10 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 10.

11. Defendants deny that the allegations in paragraph 11 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12, except to the extent paragraph 12 states legal conclusions, to which no response is required.

13. Defendants deny the allegations in paragraph 13, except to the extent

3

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

paragraph 13 states legal conclusions, to which no response is required.

14.     Defendants admit that WEBTOON sold at an IPO price of $21 per share on June 26, 2024. Defendants admit that WEBTOON's stock price traded at $11.15 per share during market hours on August 12, 2024. Defendants deny that the demonstrative in paragraph 14 is a fair and complete depiction of WEBTOON's historical stock price. Defendants deny the remaining allegations in paragraph 14.

15.     The allegations in paragraph 15 are legal conclusions, to which no response is required.

16.     The allegations in paragraph 16 are legal conclusions, to which no response is required.

17.     Defendants admit that the Company maintains an office in this District, but lack knowledge or information sufficient to form a belief about the truth or falsity of the allegation that many of the acts and transactions asserted in this Complaint occurred or emanated from within this District. The remaining allegations in paragraph 17 are legal conclusions, to which no response is required.

18.     Defendants deny the allegations in paragraph 18, except to the extent paragraph 18 states legal conclusions, to which no response is required.

19.     Defendants, after reasonable inquiry, lack sufficient knowledge or information to form a belief about the truth or falsity of the allegations in paragraph 19.

20.     Defendants admit that WEBTOON is a Delaware corporation with its principal executive offices located in Los Angeles, California and that its common stock trades on the Nasdaq Global Select Market ("Nasdaq") under the symbol "WBTN." Defendants deny the remaining allegations in paragraph 20.

21.     Defendants admit that Junkoo Kim was a Founder of the Company and at the time of the IPO was CEO and Chairman of the Board of Directors. Defendants admit that Junkoo Kim signed the May 31, 2024 Form S-1 and the June 17, 2024 Form S-1/A. Defendants deny the remaining allegations in paragraph 21.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

22.     Defendants admit that at the time of the IPO, David J. Lee was CFO, COO, and a Director of the Company. Defendants admit that David J. Lee signed the May 31, 2024 Form S-1 and the June 17, 2024 Form S-1/A. Defendants deny the remaining allegations in paragraph 22.

23.     Defendants admit that at the time of the IPO, Haejin Lee was a Director of the Company and signed the May 31, 2024 Form S-1 and the June 17, 2024 Form S-1/A. Defendants deny the remaining allegations in paragraph 23.

24.     Defendants admit that at the time of the IPO, Namsun Kim was a Director of the Company and signed the May 31, 2024 Form S-1 and the June 17, 2024 Form S-1/A. Defendants deny the remaining allegations in paragraph 24.

25.     Defendants admit that at the time of the IPO, Jun Masuda was a Director of the Company and signed the May 31, 2024 Form S-1 and the June 17, 2024 Form S-1/A. Defendants deny the remaining allegations in paragraph 25.

26.     Defendants admit that at the time of the IPO, Isabelle Winkles was a Director of the Company and signed the May 31, 2024 Form S-1 and the June 17, 2024 Form S-1/A. Defendants deny the remaining allegations in paragraph 26.

27.     Defendants admit that at the time of the IPO, Nancy Dubuc was a Director of the Company and signed the May 31, 2024 Form S-1 and the June 17, 2024 Form S-1/A. Defendants deny the remaining allegations in paragraph 27.

28.     Paragraph 28 does not contain any allegations. To the extent it does, Defendants deny those allegations.

29.     Defendants deny the allegations in Paragraph 29, except to admit Goldman Sachs & Co. LLC ("Goldman Sachs") was an underwriter of the IPO and agreed to underwrite 4,575,500 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

30.     Defendants deny the allegations in Paragraph 30, except to admit Morgan Stanley & Co. LLC ("Morgan Stanley") was an underwriter of the IPO and agreed to

5

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

underwrite 4,275,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

31.    Defendants deny the allegations in Paragraph 31, except to admit J.P. Morgan Securities LLC ("J.P. Morgan") was an underwriter of the IPO and agreed to underwrite 2,550,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

32.    Defendants deny the allegations in Paragraph 32, except to admit Evercore Group L.L.C. ("Evercore") was an underwriter of the IPO and agreed to underwrite 1,125,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

33.    Defendants deny the allegations in Paragraph 33, except to admit Deutsche Bank Securities Inc. ("Deutsche Bank") was an underwriter of the IPO and agreed to underwrite 750,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

34.    Defendants deny the allegations in Paragraph 34, except to admit UBS Securities LLC ("UBS") was an underwriter of the IPO and agreed to underwrite 750,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

35.    Defendants deny the allegations in Paragraph 35, except to admit HSBC Securities (USA) Inc. ("HSBC") was an underwriter of the IPO and agreed to underwrite 450,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

36.    Defendants deny the allegations in Paragraph 36, except to admit Raymond James & Associates, Inc. ("Raymond James") was an underwriter of the

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

IPO and agreed to underwrite 300,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

37. Defendants deny the allegations in Paragraph 37, except to admit LionTree Advisors LLC ("LionTree") was an underwriter of the IPO and agreed to underwrite 225,000 shares in the IPO, and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

38. Paragraph 38 does not contain any allegations. To the extent it does, Defendants deny those allegations.

39. To the extent the allegations contained in Paragraph 39 state a legal conclusion, no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 39, except to admit the Underwriter Defendants performed underwriting services with respect to the IPO and conducted due diligence in connection therewith.

40. To the extent the allegations contained in Paragraph 40 state a legal conclusion, no responsive pleading is required. To the extent a response is required, Defendants deny the allegations in Paragraph 40, except to admit the Underwriter Defendants performed underwriting services with respect to the IPO and respectfully refer the Court to the Offering Documents for a description of the underwriting arrangements relating thereto.

41. Defendants deny the allegations in paragraph 41, except to the extent paragraph 41 states legal conclusions, to which no response is required.

42. Defendants admit that on May 31, 2024, WEBTOON filed a Form S-1, on June 17, 2024, WEBTOON filed a Form S-1/A, and that the SEC declared the Registration Statement effective on June 26, 2024. Defendants deny the remaining allegations in paragraph 42.

43. Defendants admit that on June 26, 2024, WEBTOON filed a prospectus on Form 424B4, and completed its IPO. Defendants admit that WEBTOON sold

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

16,371,549 shares at $21 per share. Defendants deny the remaining allegations in paragraph 43.

44. Defendants admit that WEBTOON's fiscal year 2024 began on January 1, 2024 and ended on December 31, 2024. Defendants deny the remaining allegations in paragraph 44.

45. Defendants deny that the allegations in paragraph 45 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 45, except to the extent paragraph 45 states legal conclusions, to which no response is required.

46. Defendants deny that the allegations in paragraph 46 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 46.

47. Defendants deny that the allegations in paragraph 47 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 47.

48. Defendants deny that the allegations in paragraph 48 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 48.

49. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 49 to the extent they concern revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 49 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the

8

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 49.

50. Defendants deny that the allegations in paragraph 50 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 50.

51. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 51 to the extent they concern revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 51 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 51.

52. Defendants deny that the allegations in paragraph 52 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 52.

53. Defendants deny that the allegations in paragraph 53 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 53.

54. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 54 to the extent they concern revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 54 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 54.

55. Defendants admit that WEBTOON's revenue is generated globally in multiple currencies. Defendants admit that WEBTOON's functional currency for SEC reporting purposes is the U.S. dollar. Defendants admit that the Korean won and Japanese yen are the functional currencies of WEBTOON's major operating subsidiaries. Defendants deny the remaining allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56, except to the extent paragraph 56 states legal conclusions, to which no response is required.

57. Defendants admit that WEBTOON reports metrics in Korea, Japan, and Rest of World. Defendants deny that the allegations in paragraph 57 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny that the demonstrative is a fair and complete depiction of YoY growth in Global MAU. Defendants deny the remaining allegations in paragraph 57.

58. Defendants deny that the allegations in paragraph 58 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 58.

59. Defendants deny that the allegations in paragraph 59 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 59.

60. Defendants deny that the allegations in paragraph 60 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny that the demonstrative is a fair and complete depiction of YoY growth in Global MAU. Defendants deny the remaining allegations in paragraph 60.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

61. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 61 based on Defendants' revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 61 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 61.

62. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 62 based on Defendants' revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 62 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 62.

63. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 63 based on Defendants' revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 63 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny that the demonstrative is a fair and complete depiction of YoY Growth. Defendants deny the remaining allegations in paragraph 63.

64. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 64

11
**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

based on Defendants' revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 64 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 64.

65.    The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 65 based on Defendants' revenue statements. To the extent a response is required, Defendants deny that the allegations in paragraph 65 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 65.

66.    The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the allegations in paragraph 66 based on Defendants' revenue statements. To the extent a response is required, Defendants deny the allegations in paragraph 66, except to the extent paragraph 66 states legal conclusions, to which no response is required.

67.    Defendants deny that the allegations in paragraph 67 contain a fair and complete description of the Registration Statement Management Discussion & Analysis, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 67.

68.    Defendants deny that the allegations in paragraph 68 contain a fair and complete description of the Registration Statement Management Discussion & Analysis, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 68.

69.    Defendants deny that the allegations in paragraph 69 contain a fair and

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 69.

70. Defendants deny that the allegations in paragraph 70 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 70.

71. Defendants deny that the allegations in paragraph 71 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72, except to the extent paragraph 72 states legal conclusions, to which no response is required.

73. Defendants deny that the allegations in paragraph 73 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 73.

74. Defendants deny that the allegations in paragraph 74 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 74.

75. Defendants deny that the allegations in paragraph 75 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 75.

76. Paragraph 76 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 76 states legal conclusions, to which no response is required.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

77.   Paragraph 77 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 77 states legal conclusions, to which no response is required.

78.   Paragraph 78 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 78 states legal conclusions, to which no response is required.

79.   Paragraph 79 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 79 states legal conclusions, to which no response is required.

80.   Paragraph 80 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 80 states legal conclusions, to which no response is required.

81.   Paragraph 81 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 81 states legal conclusions, to which no response is required.

82.   Paragraph 82 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 82 states legal conclusions, to which no response is required.

83.   Defendants deny the allegations in paragraph 83, except to the extent paragraph 83 states legal conclusions, to which no response is required.

84.   Defendants deny the allegations in paragraph 84, except to the extent paragraph 84 states legal conclusions, to which no response is required.

85.   Defendants deny that the allegations in paragraph 85 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny that the demonstrative is a fair and complete depiction of the Global MAU Trend. Defendants deny the remaining allegations in paragraph 85.

86.   Defendants deny that the allegations in paragraph 86 contain a fair and

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny that the demonstrative is a fair and complete depiction of YoY growth in Global MAU. Defendants deny the remaining allegations in paragraph 86.

87.    Defendants deny that the allegations in paragraph 87 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny that the demonstrative is a fair and complete depiction of Rest of World change in MAU. Defendants deny the remaining allegations in paragraph 87.

88.    Defendants deny the allegations in paragraph 88. Defendants deny that the demonstrative is a fair and complete depiction of Rest of World YoY MAU growth. Defendants deny the remaining allegations in paragraph 88.

89.    Defendants deny that the allegations in paragraph 89 contain a fair and complete description of the documents and statements quoted and described therein, and respectfully refer the Court to those documents and statements for their contents. Defendants deny the remaining allegations in paragraph 89.

90.    Defendants deny that the allegations in paragraph 90 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny that the demonstrative is a fair and complete depiction of Rest of World YoY MAU growth. Defendants deny the remaining allegations in paragraph 90.

91.    Defendants deny the allegations in paragraph 91. Defendants deny that the demonstrative is a fair and complete depiction of ARPPU growth. Defendants deny the remaining allegations in paragraph 91.

92.    Defendants deny the allegations in paragraph 92, except to the extent paragraph 92 states legal conclusions, to which no response is required.

93.    Defendants deny the allegations in paragraph 93, except to the extent paragraph 93 states legal conclusions, to which no response is required.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

94.   Defendants deny the allegations in paragraph 94, except to the extent paragraph 94 states legal conclusions, to which no response is required.

95.   Defendants deny the allegations in paragraph 95, except to the extent paragraph 95 states legal conclusions, to which no response is required.

96.   Defendants deny the allegations in paragraph 96, except to the extent paragraph 96 states legal conclusions, to which no response is required. Defendants deny that the demonstrative is a fair and complete depiction of the strength of the Korean won compared to USD.

97.   Defendants deny the allegations in paragraph 97, except to the extent paragraph 97 states legal conclusions, to which no response is required. Defendants deny that the allegations in paragraph 97 contain a fair and complete description of the response to the SEC comment letter, and respectfully refer the Court to the Registration Statement and response to the SEC comment letter for their contents. Defendants deny that the hypothetical provided is fair and accurate.

98.   Defendants deny that the allegations in paragraph 98 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 98.

99.   Defendants deny that the allegations in paragraph 99 contain a fair and complete description of the Registration Statement, and respectfully refer the Court to the Registration Statement for its contents. Defendants deny the remaining allegations in paragraph 99.

100.   Defendants deny the allegations in paragraph 100, except to the extent paragraph 100 states legal conclusions, to which no response is required.

101.   Paragraph 101 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 101 states legal conclusions, to which no response is required.

102.   Defendants deny the allegations in paragraph 102, except to the extent

16
**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

paragraph 102 states legal conclusions, to which no response is required.

103. Defendants deny the allegations in paragraph 103, except to the extent paragraph 103 states legal conclusions, to which no response is required.

104. Defendants admit that on August 8, 2024, a Form 8-K was filed and a press release furnished therewith regarding the quarter ended on June 30, 2024. Defendants deny the remaining allegations in paragraph 104.

105. Defendants deny that the allegations in paragraph 105 contain a fair and complete description of the press release, and respectfully refer the Court to the press release furnished with the August 8, 2024 Form 8-K for its contents. Defendants deny the remaining allegations in paragraph 105.

106. Defendants admit that WEBTOON furnished the 2Q 2024 Shareholder Letter with the Form 8-K that was filed on August 8, 2024. Defendants deny that the allegations in paragraph 106 contain a fair and complete description of the 2Q 2024 Shareholder Letter, and respectfully refer the Court to the 2Q 2024 Shareholder Letter furnished with the August 8, 2024 Form 8-K for its contents. Defendants deny the remaining allegations in paragraph 106.

107. Defendants admit that an earnings conference call was held on August 8, 2024. Defendants deny that the allegations in paragraph 107 contain a fair and complete description of the earnings call, and respectfully refer the Court to the transcript of the earnings call for its contents. Defendants deny the remaining allegations in paragraph 107.

108. Defendants deny that the allegations in paragraph 108 contain a fair and complete description of the earnings call, and respectfully refer the Court to the transcript of the earnings call for its contents. Defendants deny the remaining allegations in paragraph 108.

109. Defendants admit that on August 9, 2024, WEBTOON's closing stock price was $12.75, and that on August 8, 2024, WEBTOON's closing stock price was $20.63. Defendants deny the remaining allegations in paragraph 109.

17
**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

110. Defendants admit that UBS issued an analyst report on August 12, 2024 for WEBTOON titled "Share price correction post Q2 results looks overdone" (the "UBS Report"). Defendants deny that the allegations in paragraph 110 contain a fair and complete description of the UBS Report, and respectfully refer the Court to the UBS Report for its contents. Defendants deny the remaining allegations in paragraph 110.

111. Defendants admit that Deutsche Bank issued an analyst report on August 12, 2024 for WEBTOON titled "Investing Ahead of Growth" (the "Deutsche Bank Report"). Defendants deny that the allegations in paragraph 111 contain a fair and complete description of the Deutsche Bank Report and the UBS Report, and respectfully refer the Court to the Deutsche Bank Report and the UBS Report for their contents. Defendants deny the remaining allegations in paragraph 111.

112. Defendants admit that WEBTOON filed a Form 10-Q on August 12, 2024. Defendants admit that Morgan Stanley issued an analyst report titled "What Comes After the (40%) Fall?" (the "Morgan Stanley Report") on August 16, 2024. Defendants deny that the allegations in paragraph 112 contain a fair and complete description of the Morgan Stanley Report, and respectfully refer the Court to the Morgan Stanley Report for its contents. Defendants deny the remaining allegations in paragraph 112.

113. Defendants deny that the allegations in paragraph 113 contain a fair and complete description of the Morgan Stanley Report, and respectfully refer the Court to the Morgan Stanley Report for its contents. Defendants deny the remaining allegations in paragraph 113.

114. Defendants deny that the allegations in paragraph 114 contain a fair and complete description of the Morgan Stanley Report, and respectfully refer the Court to the Morgan Stanley Report for its contents. Defendants deny the remaining allegations in paragraph 114.

115. Defendants admit that on September 5, 2024, WEBTOON's closing

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

stock price was $12.27. Defendants deny the remaining allegations in paragraph 115, except to the extent paragraph 115 states legal conclusions, to which no response is required.

116. Paragraph 116 does not contain any allegations. To the extent it does, Defendants deny those allegations.

117. Defendants deny the allegations in paragraph 117, except to the extent paragraph 117 states legal conclusions, to which no response is required.

118. Defendants deny the allegations in paragraph 118, except to the extent paragraph 118 states legal conclusions, to which no response is required.

119. Defendants deny the allegations in paragraph 119, except to the extent paragraph 119 states legal conclusions, to which no response is required.

120. Defendants deny the allegations in paragraph 120, except to the extent paragraph 120 states legal conclusions, to which no response is required.

121. Defendants deny the allegations in paragraph 121, except to the extent paragraph 121 states legal conclusions, to which no response is required.

122. Defendants repeat and reallege as if set forth herein the responses to all of Lead Plaintiff's allegations.

123. Paragraph 123 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 123 states legal conclusions, to which no response is required.

124. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the extent paragraph 124 concerns revenue statements. Defendants deny the allegations in paragraph 124, except to the extent paragraph 124 states legal conclusions, to which no response is required.

125. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

ECF No. 82. Accordingly, no response is required to the extent paragraph 125 concerns revenue statements. Defendants deny the allegations in paragraph 125, except to the extent paragraph 125 states legal conclusions, to which no response is required.

126. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the extent paragraph 126 concerns revenue statements. Defendants deny the allegations in paragraph 126, except to the extent paragraph 126 states legal conclusions, to which no response is required.

127. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the extent paragraph 127 concerns revenue statements. Defendants deny the allegations in paragraph 127, except to the extent paragraph 127 states legal conclusions, to which no response is required.

128. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the extent paragraph 128 concerns revenue statements. Defendants deny the allegations in paragraph 128, except to the extent paragraph 128 states legal conclusions, to which no response is required.

129. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the extent paragraph 129 concerns revenue statements. Defendants deny the allegations in paragraph 129, except to the extent paragraph 129 states legal conclusions, to which no response is required.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

130. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the extent paragraph 130 concerns revenue statements. Defendants deny the allegations in paragraph 130, except to the extent paragraph 130 states legal conclusions, to which no response is required.

131. The Court's December 2, 2025 Order granted Defendants' motion to dismiss Lead Plaintiff's allegations under Section 11 regarding revenue statements. ECF No. 82. Accordingly, no response is required to the extent paragraph 131 concerns revenue statements. Defendants deny the allegations in paragraph 131, except to the extent paragraph 131 states legal conclusions, to which no response is required.

132. Defendants repeat and reallege as if set forth herein the responses to all of Lead Plaintiff's allegations.

133. Paragraph 133 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 133 states legal conclusions, to which no response is required.

134. Defendants deny the allegations in paragraph 134, except to the extent paragraph 134 states legal conclusions, to which no response is required.

135. Defendants deny the allegations in paragraph 135, except to the extent paragraph 135 states legal conclusions, to which no response is required.

136. Paragraph 136 does not contain any allegations. To the extent it does, Defendants deny those allegations, except to the extent paragraph 136 states legal conclusions, to which no response is required.

## AFFIRMATIVE DEFENSES

Defendants, by their attorneys, hereby set forth and assert their defenses to Lead Plaintiff's Consolidated Complaint. By listing any matter as a defense, Defendants do not assume the burden of proof or any other burden under applicable law as to any

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

defense or issue that would otherwise rest on Lead Plaintiff or as to any element of Lead Plaintiff's claims. Defendants reserve the right to amend or supplement their Answer and Affirmative Defenses, including by asserting additional grounds for the defenses alleged herein and additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein, of which it becomes aware through discovery or other investigation. Defendants reserve all separate or affirmative defenses or rights that they may have against the putative class and its members. It is not necessary at this time for Defendants to delineate such defenses because no class has been certified and the putative class members are not parties to the litigation. Defendants join and incorporate by reference herein any affirmative defenses raised by the Underwriter Defendants in their Answer(s) to the Complaint.

### First Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Defense

The action is barred, in whole or in part, because Lead Plaintiff has not suffered any injury or damage or, in the alternative, because any injury or damage that Lead Plaintiff claims to have sustained was not caused by Defendants.

### Third Defense

Lead Plaintiff's claims are barred, in whole or in part, because the Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Lead Plaintiff complains.

### Fourth Defense

Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

## Fifth Defense

Lead Plaintiff's claims are barred, in whole or in part, because the alleged misstatements and omissions alleged in the Complaint were forward-looking and satisfied the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, federal securities laws, and/or the "bespeaks caution" doctrine.

## Sixth Defense

Defendants are not liable because Lead Plaintiff's claims are barred, in whole or in part, because, assuming there was any untruth or omission as alleged in the Complaint (and Defendants deny there was any), Lead Plaintiff knew or should have known of such untruth or omission.

## Seventh Defense

Defendants are not liable because Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff purchased WEBTOON securities with actual or constructive knowledge of the risks involved in an investment in WEBTOON securities and thus voluntarily assumed the risk of the losses alleged in the Complaint.

## Eighth Defense

Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, including by acting in conformity with the law and rules and regulations of the SEC, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements, and/or omissions alleged in the Complaint.

## Ninth Defense

This action may not properly be maintained as a class action pursuant to Federal Rule of Civil Procedure 23.

## Tenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because any allegedly untrue statement of material fact, omissions of material fact, misleading statements, or

23
**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

other action allegedly taken by the Defendants was not material, and/or was not material to the investment decisions of Lead Plaintiff.

### Eleventh Defense

Lead Plaintiff's claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of WEBTOON securities.

### Twelfth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff has not pleaded, and cannot prove, loss causation or transaction causation, and/or has not pleaded, and cannot prove, that Lead Plaintiff suffered damages that can be attributed and/or causally related to the alleged misrepresentations or omissions. Without limiting the foregoing, Lead Plaintiff's claims are barred, in whole or in part, because any depreciation in the market price of WEBTOON stock resulted from factors other than the purported misrepresentations and omissions alleged in the Complaint. 15 U.S.C. § 77l(b); 15 U.S.C. § 77k(e).

### Thirteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff was not entitled to, and did not reasonably and/or justifiably rely, or did not in fact rely, on any of the statements or omissions alleged in the Complaint in deciding to purchase WEBTOON securities.

### Fourteenth Defense

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff will be unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Lead Plaintiff's decisions to purchase WEBTOON securities on the terms of their investments.

24
**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

**Fifteenth Defense**

Lead Plaintiff's claims are barred, in whole or in part, because the losses, if any, sustained by Lead Plaintiff were not actually or proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Complaint.

**Sixteenth Defense**

Lead Plaintiff's claims are barred, in whole or in part, because the injuries alleged by Lead Plaintiff, to the extent any exist, were caused, in whole or in part, by intervening and/or superseding causes unrelated to the alleged conduct of Defendants, by the conduct of third parties for whom Defendants were not responsible, or through forces in the marketplace over which Defendants have no control.

**Seventeenth Defense**

Defendants are not liable because to the extent Lead Plaintiff has been damaged, if at all, his failure to mitigate his damages bars recovery.

**Eighteenth Defense**

Any damage, loss or liability sustained by Lead Plaintiff must be reduced or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Defendants under the principles of equitable allocation, recoupment, set-off, proportionate responsibility, and comparative fault, including under the proportionate liability provisions of the federal securities laws.

**Nineteenth Defense**

To the extent Lead Plaintiff suffered damages, if at all, such damages must be offset by Lead Plaintiff's gains, including subsequent gains in WEBTOON's stock price, including gains arising after the putative class period.

**Twentieth Defense**

To the extent Lead Plaintiff suffered damages, if at all, such damages must be capped pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e)(1), and the damages limitations of the Securities Act of 1933 and Securities and Exchange Act of 1934.

25

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

## Twenty-First Defense

If and to the extent Defendants are found to have made any false or misleading statements or omissions (which Defendants deny), the actual facts that Lead Plaintiff alleges to have been misrepresented or omitted were in fact known to and entered the securities market through credible sources. Lead Plaintiff is not entitled to any recovery from Defendants because the substance of the allegedly material information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact disclosed in the public disclosures of other parties and third parties, in Defendants' own public filings and announcements, and from other sources that were otherwise publicly available and/or widely known to the market and to the investing community.

## Twenty-Second Defense

Defendants deny that Lead Plaintiff is entitled to recover attorneys' fees, costs, or expenses and, to the extent Lead Plaintiff seeks injunctive relief, any such claim is barred because Lead Plaintiff has an adequate remedy at law.

## Twenty-Third Defense

Defendants are entitled to recover contribution from others for any liability they incur as a result of any of the purported misrepresentations, omissions, and conduct alleged in the claims against Defendants.

## Twenty-Fourth Defense

Lead Plaintiff's claims predicated on statements of opinion or belief fail because these statements were not objectively false when made, and because Defendants honestly, and upon reasonable basis, believed them to be true at the time the alleged statements were made.

## Twenty-Fifth Defense

Lead Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

**Twenty-Sixth Defense**

Lead Plaintiff's claims are barred, in whole or in part, under the doctrines of acquiescence, unclean hands, estoppel, res judicata, waiver, ratification, laches, and other related doctrines and principles, or any one of them.

**Twenty-Seventh Defense**

Lead Plaintiff's claims are barred, in whole or in part, on the grounds that at all times alleged in the Complaint, Lead Plaintiff expressly or impliedly assented to, ratified, or concurred with the conduct alleged to be unlawful.

**Twenty-Eighth Defense**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff would have acquired WEBTOON common stock even if, when acquired, Lead Plaintiff had known of the allegedly untrue statements of material fact, omissions of material fact, misleading statements, or other wrongful conduct upon which Defendants' purported liability rests.

**Twenty-Ninth Defense**

Lead Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to disclose any facts allegedly not disclosed.

**Thirtieth Defense**

Lead Plaintiff's claims are barred, in whole or in part, because Lead Plaintiff and members of the putative class relied upon their own independent investigations, own decisions, and the advice of professional investment advisors.

**Thirty-First Defense**

Lead Plaintiff's claims are barred, in whole or in part, because the damages sought are too speculative and/or remote.

**Thirty-Second Defense**

Lead Plaintiff's Securities Act claims are barred, in whole or in part, because Lead Plaintiff did not acquire his shares directly from WEBTOON and/or Lead Plaintiff's shares are not traceable to the Registration Materials.

27

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

**Thirty-Third Defense**

Lead Plaintiff's Securities Act claims are barred, in whole or in part, because Defendants had, after reasonable investigation and due diligence, reasonable grounds to believe, and did believe, at the time the Registration Materials were filed, that the statements in the documents were true and that there were no misstatements of material fact or omissions of material fact that were necessary to make the statements therein not misleading.

**Thirty-Fourth Defense**

Lead Plaintiff's Securities Act claims are barred, in whole or in part, because Lead Plaintiff was informed of the risks associated with his investment.

**Thirty-Fifth Defense**

Lead Plaintiffs' claims are barred, in whole or in part, to the extent other parties not named in the Complaint are indispensable parties to this action.

**Thirty-Sixth Defense**

Lead Plaintiff's claims are barred, in whole or in part, because some or all of the purported misstatements or omissions alleged in the Complaint reflect or pertain to non-actionable statements of corporate optimism or puffery.

**Thirty-Seventh Defense**

To the extent Lead Plaintiff suffered damages, if at all, any damage, loss, or liability must be reduced, diminished and/or barred to the extent Lead Plaintiff seeks an overlapping or duplicative recovery pursuant to the various claims against Defendants or others.

**Thirty-Eighth Defense**

To the extent Lead Plaintiff's allegations are true (which Defendants deny), then Defendants were victims of fraud, deceit, misrepresentations, concealment, negligence, breach of contract, and/or breach of duties practiced upon them by others.

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

**Thirty-Ninth Defense**

Lead Plaintiff's claims are barred in whole or in part because no statement allegedly made by Defendants contains any material misrepresentation or omission, considered either alone or in the context of the total mix of available information.

**Fortieth Defense**

Junkoo Kim is not liable because he did not control, or have the ability to control, any other Defendant.

**Forty-First Defense**

David J. Lee is not liable because he did not control, or have the ability to control, any other Defendant.

**Forty-Second Defense**

Haejin Lee is not liable because he did not control, or have the ability to control, any other Defendant.

**Forty-Third Defense**

Namsun Kim is not liable because he did not control, or have the ability to control, any other Defendant.

**Forty-Fourth Defense**

Jun Masuda is not liable because he did not control, or have the ability to control, any other Defendant.

**Forty-Fifth Defense**

Isabelle Winkles is not liable because she did not control, or have the ability to control, any other Defendant.

**Forty-Sixth Defense**

Nancy Dubuc is not liable because she did not control, or have the ability to control, any other Defendant.

**Forty-Seventh Defense**

Lead Plaintiff's claims, and the claims of the putative class that Lead Plaintiff purports to represent, are barred in whole or in part because Lead Plaintiff, and the

29

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

putative class that Lead Plaintiff purports to represent, lack standing to assert the causes of action alleged, including to the extent they did not purchase WEBTOON stock in or traceable to WEBTOON's IPO.

### Forty-Eighth Defense

Defendants adopt and incorporate by reference herein any applicable affirmative or other defenses asserted by other Defendants to the extent Defendants may share in such a defense.

\*     \*     \*

Defendants reserve the right to raise any additional grounds for the defenses alleged herein and additional defenses, counterclaims, cross-claims, and third-party claims not asserted herein of which they become aware at any subsequent stage of this action. Defendants further reserve their right to withdraw, amend, or modify their Answer accordingly and further reserve the right to withdraw defenses that they determine are not applicable during the course of discovery and other proceedings in this case.

### PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

1.     Enter judgment in Defendants' favor;

2.     Award Defendants their reasonable costs and fees, including attorneys' fees; and

3.     Grant Defendants such other and further relief as the Court deems just and proper.

### JURY DEMAND

Defendants demand a trial by jury on all issues so-triable.

30

**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**

DATED: January 9, 2026

Respectfully submitted,

*/s/ Austin Norris*
Austin C. Norris (SBN 284603)
austin.norris@kirkland.com
Edward Hillenbrand (SBN 310872)
edward.hillenbrand@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East, Suite 3700
Los Angeles, CA 90067
Tel: (310) 552-4200
Fax: (310) 552-5900

Stefan H. Atkinson, P.C. (admitted *Pro Hac Vice*)
stefan.atkinson@kirkland.com
Jordan D. Peterson, P.C. (admitted *Pro Hac Vice*)
jordan.peterson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for WEBTOON Entertainment Inc. and the Individual Defendants*

31
**DEFENDANTS' ANSWER TO CONSOLIDATED COMPLAINT**