ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT R. HENSSLER JR. (216165)
ASHLEY M. KELLY (281597)
JOSEPH J. TULL (339956)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bhenssler@rgrdlaw.com
ashleyk@rgrdlaw.com
jtull@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br> vs.<br><br>WEBTOON ENTERTAINMENT INC., et al.,<br><br>      Defendants. | Case No. 2:24-cv-07553-CBM-RAO<br><br>CLASS ACTION<br><br>STIPULATED PROTECTIVE ORDER RE: CONFIDENTIALITY |

4911-2427-8935.v1

**1.      PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.      GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, proprietary and/or personal information for which special protection from public disclosure and from use for any purpose other than prosecution or defense of this action is warranted.  Such confidential, proprietary, and personal materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), personally identifiable information ("PII"), including personal or sensitive information protected under foreign data protection laws, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, common law, or domestic or foreign privacy laws and regulations, including but not limited to the South Korean Personal Information Protection Act (PIPA).

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are

- 1 -

4911-2427-8935.v1

permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case,

**3.    PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in §17.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006). The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not – without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable – constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the

- 2 -

4911-2427-8935.v1

requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 4.    DEFINITIONS

4.1    *Action*: the above-captioned action pending in this Court, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

4.2    *Challenging Party*: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    *"CONFIDENTIAL" Information or Items*: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4    *Counsel*: Outside counsel representing the parties to the Action and House Counsel (as well as their support staff).

4.5    *Designated Materials*: documents or other materials in this Action labeled or affixed with the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4.6    *Derivative Action*: the action pending in this Court, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings captioned *Ho Kan Cheung v. Junkoo Kim et al*, C.D. Cal. 2:24-cv-09915.

4.7    *Designating Party*: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

- 3 -

4.8    *Disclosure or Discovery Material*: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

4.9    *Disclose* or *Disclosed*: shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

4.10    *Document*: any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34(a).

4.11    *Expert*: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.12    *"HIGHLY CONFIDENTIAL" Information or Items*: any Document which a Producing Party believes to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; (ii) it is sufficiently valuable and secret to afford a potential or actual advantage over others; (iii) its disclosure to existing or potential competitors or customers would cause injury to the business, commercial, competitive, or financial interests of the Producing Party; and (iv) it is designated as "HIGHLY CONFIDENTIAL" for purposes of this litigation. "HIGHLY CONFIDENTIAL" information may also include sensitive personal information as protected under foreign data privacy laws, including PIPA.

4.13    *House Counsel*: attorneys who are employees of a party, parent, affiliate, or subsidiary to this Action.  House Counsel does not include Outside Counsel or any other outside counsel.

4.14    *Non-Party*: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

4.15    *Party*: any party to this Action.

4.16    *Person* or *Persons*: any natural person.

- 4 -

4911-2427-8935.v1

4.17    *Producing Party*: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.18    *Professional Vendors*: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and hosting, collecting, reviewing, producing, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.19    *Protected Material*: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or otherwise qualifies for protection pursuant to this Order.

4.20    *Receiving Party*: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.21    *Securities Action*: the above-captioned action pending in this Court, including any related discovery, pre-trial, trial, post-trial, or appellate proceedings.

**5.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also: (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, work product, or presentations by Parties or their Counsel that might reveal Protected Material.  This Order shall apply to any named Party to this Action (including all of its officers, directors, employees, retained experts, Outside Counsel (and their support staff), and Professional Vendors. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**6.    DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL or maintained pursuant to this protective order, that is openly used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press,

- 5 -

4911-2427-8935.v1

unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.

## 7.    DESIGNATING PROTECTED MATERIAL

7.1    *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2    *Manner and Timing of Designations*.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") or "HIGHLY CONFIDENTIAL" (hereinafter "HIGHLY CONFIDENTIAL legend"), to each document that contains protected material.  Alternatively, a party may redact a portion of material qualifying for protection under PIPA or other foreign or domestic data privacy laws so long as it is not relevant to the claims, allegations, and/or defenses in this Action.  The types of information that may be redacted includes but is not limited to: (i) Social Security Numbers or similar national identity numbers/documents for foreign citizens/nationals; (ii) driver's license numbers, passport numbers, or their equivalents; (iii) bank (or other financial institution) account numbers; (iv) information about religious beliefs, sexual orientation, or other ideological beliefs; (v) confidential patient or medical information; or (vi) other sensitive personal information.  The basis

- 6 -

4911-2427-8935.v1

of any redaction or withheld family member under (iv), (v), or (vi) of the prior sentence will be reasonably reflected in the text box of the redaction or the slip sheet of the withheld family member, and the basis will be included as a field in the load file. A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each document that contains Protected Material.

(b)     Unless all parties agree otherwise on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential information for a period of thirty (30) days after the transcript is delivered to the Party being deposed. If Counsel for any Party states on the record that the deposition testimony should be treated as Highly Confidential, such testimony will be treated as Highly Confidential information for the thirty (30)-day period following the delivery of the transcript to the Party seeking to designate. No later than the thirtieth (30th) day after the transcript is delivered to the Party being deposed or a Party seeking to designate, whichever is later, a Party may serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that are designated Confidential or Highly Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court reporter shall provide a final copy of the transcript that reflects any designations of pages of the transcript as

- 7 -

4911-2427-8935.v1

Confidential or Highly Confidential Information in the lower left-hand corner of each designated page.

(c)     Any copies that are made of any Documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of Documents that do not contain substantial portions or images of the text of Documents designated as Confidential or Highly Confidential Information and do not otherwise disclose the substance of the Confidential or Highly Confidential Information are not required to be marked.

(d)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

7.3     ***Inadvertent Failures to Designate***.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1     ***Timing of Challenges***.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2     ***Meet and Confer***.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

8.3     ***Joint Stipulation***.  Any challenge submitted to the Court shall be via joint stipulation pursuant to Local Rule 37-2.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless

- 8 -

4911-2427-8935.v1

the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. As such, any motion challenging a confidentiality designation must not publicly file the Documents with contested designations nor describe them in a manner that would reveal Confidential or Highly Confidential Information.

## 9. ACCESS TO AND USE OF PROTECTED MATERIAL

9.1 ***Basic Principles***. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and entities and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 18 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Nothing in this Order, however, shall prevent or prejudice any Party designating documents and materials Confidential or Highly Confidential from using its own such Designated Materials for any purpose, including privately disclosing its own Confidential or Highly Confidential documents and information to others not listed below, and such private disclosure shall not waive the protections of this Order.

9.2 ***Disclosure of "CONFIDENTIAL" Information or Items***. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel, as well as employees and staff of said Counsel;

- 9 -

4911-2427-8935.v1

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, or mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (ii) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)    any mediator, arbitrator, special master, or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j)    Professional Vendors retained pursuant to the Action;

(k)    parties' insurers, brokers, or insurance agents for the purposes of assessing or pursuing bills or claims in connection with this Action; and

- 10 -

4911-2427-8935.v1

(l)      other persons only by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered, but such consent shall not be unreasonably withheld.

9.3      ***Disclosure of "HIGHLY CONFIDENTIAL" Information or Items***. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly CONFIDENTIAL" to all persons and entities enumerated in section 9.2 *except* for those in 9.2(b).  For the avoidance of doubt, this provision does not prevent Lead Plaintiff's counsel from disclosing documents or information to Lead Plaintiff Dr. Byung-Gon Sung during the course of the litigation.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that Party must:

(a)      promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and

- 11 -

4911-2427-8935.v1

expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Producing Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action and the relevant discovery request(s).

If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

- 12 -

4911-2427-8935.v1

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

(a) notify in writing the Designating Party of the unauthorized disclosures;

(b) use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**13. GENERATIVE AI**

Protected Information, summaries of Protected Information, or information derived from Protected Information shall not be submitted to any open, non-containerized, non-access-controlled Generative AI tool (*i.e.*, ChatGPT, Gemini, Claude) or any substantially similar tool that is available to the public. Providing Protected Information to an open tool is considered disclosure to a third party. The obligations and restrictions of this paragraph apply even where the data or the Protected Material has been anonymized.

**14. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

This Order is entered, inter alia, pursuant to Federal Rule of Evidence 502(d). The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Furthermore, this Order shall not apply

- 13 -

4911-2427-8935.v1

Federal Rule of Evidence 502(b) regarding the production of privileged or work-product protected documents, electronically stored information ("ESI") or information. Nothing contained here is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or Protected Documents before production.

**15.    CLAWBACK PROCESS**

When a Producing Party gives notice ("Clawback Notice") to Receiving Parties that certain produced material is subject to a claim of privilege or other protection ("Privileged Material"), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**16.    DATA SECURITY**

Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration and destruction. Such measures shall include:

(a)    Reasonably preventing unauthorized persons from gaining access to Protected Material (physical access control).

(b)    Reasonably preventing Protected Material from being used without authorization (logical access control) including, but not limited to, the use of passwords.

(c)    Reasonably ensuring that persons entitled to use a Protected Material gain access only to such Protected Material as they are entitled to access in accordance with their access rights, and that, in the course of processing or use and after storage, Protected Material cannot be read, copied, modified or deleted without authorization (data access control).

(d)    Reasonably ensuring that Protected Material cannot be read, copied, modified or deleted without authorization during electronic transmission, transport or storage on storage media, and that the target entities for any transfer of Protected

- 14 -

4911-2427-8935.v1

Material by means of data transmission facilities can be established and verified (data transfer control).

(e)     Reasonably ensuring the establishment of an audit trail to document whether and by whom Protected Material have been entered into, modified in, or removed from Protected Material processing systems, (entry control).

(f)     Reasonably ensuring that Protected Material are processed solely in accordance with instructions from Counsel or Receiving Party (control of instructions).

**17.    MISCELLANEOUS**

17.1    ***Right to Further Relief***.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

17.2    ***Right to Assert Other Objections***.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

17.3    ***Filing Protected Material***.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

17.4    ***Future Parties***.  The terms of this Order shall be binding upon all current and future parties to this litigation and their counsel; any Party appearing in the litigation following entry of this Order shall be deemed to have joined the case subject to its provisions.

17.5    ***Reservation of Rights***.  Nothing in this Protective Order, nor the production or disclosure of any information or documents under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be

- 15 -

4911-2427-8935.v1

deemed or construed: (i) to have the effect of an admission or a waiver by either Party of the confidentiality or non-confidentiality of any such information or document; (ii) to alter the confidentiality or the non-confidentiality of any such information or document; (iii) to alter any existing or pending obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at any stage of this Litigation.

## 18.    FINAL DISPOSITION

After the final disposition of this Action, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  For the avoidance of doubt, final disposition of this Action includes the completion of any available appeals.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that: (i) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).  Confidential Information stored in counsels' archives, back up media, or disaster recovery media shall be destroyed within two years of the resolution of this action.

- 16 -

4911-2427-8935.v1

**19.    OBLIGATIONS ON CONCLUSION OF LITIGATION**

Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment.  The Court shall retain jurisdiction to hear disputes regarding documents produced under this Order even after dismissal or entry of final judgment.

**20.    VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  March 13, 2026            ROBBINS GELLER RUDMAN
                                    & DOWD LLP
                                  ROBERT R. HENSSLER JR.
                                  ASHLEY M. KELLY
                                  JOSEPH J. TULL
                                  RACHEL C. BRABY


                                       s/ Ashley M. Kelly
                                  ASHLEY M. KELLY

                                  655 West Broadway, Suite 1900
                                  San Diego, CA  92101
                                  Telephone:  619/231-1058
                                  619/231-7423 (fax)
                                  bhenssler@rgrdlaw.com
                                  ashleyk@rgrdlaw.com
                                  jtull@rgrdlaw.com
                                  rbraby@rgrdlaw.com

                                  Lead Counsel for Lead Plaintiff

DATED:  March 13, 2026            KIRKLAND & ELLIS LLP


                                       s/ Edward Hillenbrand
                                  EDWARD HILLENBRAND

- 17 -

4911-2427-8935.v1

Austin Norris (SBN 284603)
austin.norris@kirkland.com
Edward Hillenbrand (SBN 310872)
edward.hillenbrand@kirkland.com
2049 Century Park East, Suite 3700
Los Angeles, CA  90067
Tel: (310) 552-4200
Fax: (310) 552-5900

Stefan H. Atkinson, P.C. (admitted pro hac vice)
stefan.atkinson@kirkland.com
Jordan D. Peterson, P.C. (admitted pro hac vice)
jordan.peterson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
Tel: (212) 446-4800
Fax: (212) 446-4900

*Attorneys for WEBTOON and the Individual Defendants*

DATED:  March 13, 2026

GIBSON, DUNN & CRUTCHER LLP


s/ Brian M. Lutz
BRIAN M. LUTZ

BRIAN M. LUTZ, SBN 255976
One Embarcadero Center, Suite 2600
San Francisco, CA  94111-3715
Telephone:  415.393.8200
Facsimile:   415.393.8306
blutz@gibsondunn.com

JESSICA VALENZUELA, SBN 220934
310 University Avenue
Palo Alto, CA  94301-1744
Telephone:  650.849.5300
Facsimile:   650.849.5333
jvalenzuela@gibsondunn.com

- 18 -

4911-2427-8935.v1

*Attorneys for Defendants Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc., Raymond James & Associates, Inc., and LionTree Advisors LLC*

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4

Pursuant to L.R. 5-4.3.4, I hereby attest that all signatories listed above concurred in this filing.

Dated: March 13, 2026

s/ Ashley M. Kelly
ASHLEY M. KELLY

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _____        _____

THE HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

- 19 -

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Coy Brookman v. WEBTOON Entertainment Inc. et al*, C.D. Cal. 2:24-cv-07553.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 1 -

4911-2427-8935.v1