ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
ELLEN GUSIKOFF STEWART (144892)
ROBERT R. HENSSLER JR. (216165)
JOSEPH J. TULL (339956)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
elleng@rgrdlaw.com
bhenssler@rgrdlaw.com
jtull@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WEBTOON ENTERTAINMENT INC., et al., <br><br> Defendants. | Case No. 2:24-cv-07553-CBM-RAO <br><br> <u>CLASS ACTION</u> <br><br> [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, the above-captioned securities class action is pending in this Court ("Action");

WHEREAS, (a) Lead Plaintiff Dr. Byung-Gon Sung ("Plaintiff"), on behalf of himself and the Settlement Class (as defined below); and (b) Defendants WEBTOON Entertainment Inc. ("WEBTOON"), Junkoo Kim, David J. Lee, Haejin Lee, Namsun Kim, Jun Masuda, Isabelle Winkles, Nancy Dubuc (collectively, the "Individual Defendants"), Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc., Raymond James & Associates, Inc., and LionTree Advisors LLC (collectively, the "Underwriter Defendants," and together with WEBTOON and the Individual Defendants, "Defendants") have determined to settle all claims asserted against Defendants in the Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated August 7, 2026 ("Stipulation"), subject to the approval of this Court ("Settlement");

WHEREAS, Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and directing notice of the Settlement to the Settlement Class as more fully described herein;

WHEREAS, the Court has read and considered: (a) Plaintiff's motion for preliminary approval of the Settlement and authorization to retain the Claims Administrator (as defined below) to provide notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Proposed Class Certification for Settlement Purposes** – The Parties have proposed certification of the following Settlement Class pursuant to Rules 23(a)

- 1 -

and 23(b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all persons and entities who purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the Registration Statement issued in connection with WEBTOON's June 27, 2024 initial public offering ("IPO"). Excluded from the Settlement Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

2.    **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class solely for purposes of the proposed Settlement. Specifically, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff in the Action are typical of the claims of the Settlement Class; (d) Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to appoint Plaintiff as Class Representative for the Settlement Class and to appoint Lead Counsel Robbins Geller

Rudman & Dowd LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.    **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a hearing ("Settlement Hearing") on _____ __, 2026, at __:__ _.m., at the Felicitas and Gonzalo Mendez United States Courthouse, 350 W. 1st Street, Courtroom 8D, 8th Floor, Los Angeles, California 90012, for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Plaintiff should be appointed as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment, substantially in the form attached as Exhibit B to the Stipulation, should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such

- 3 -

modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class.  If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website for the Settlement, www.WEBTOONSecuritiesSettlement.com, as referenced in paragraph 7(c) of this Order.  Any Settlement Class Member (or his, her, its, or their counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

7.    **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain Verita Global ("Claims Administrator" or "Verita") to supervise and administer the notice procedure in connection with the Settlement, as well as the processing of Claims, as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be provided as follows:

(a)    WEBTOON shall make reasonable efforts to provide to the Claims Administrator in electronic format (such as Excel) (at no cost to the Settlement Fund, Plaintiff, the Settlement Class, Plaintiff's Counsel, or the Claims Administrator) list(s), consisting of names, addresses, and e-mail addresses (if available), of purchasers of record of WEBTOON common stock traceable to the Registration Statement and Prospectus filed in connection with WEBTOON's IPO, within ten (10) calendar days after the date of entry of this Order;

(b)    not later than twenty (20) business days after the date of entry of this Order ("Notice Date"), the Claims Administrator shall cause the Postcard Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by first-class mail and/or emailed to potential Settlement Class Members at the addresses set forth in the records provided by Defendants, or who otherwise may be identified through further reasonable effort.  For all notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

- 4 -

(c)    contemporaneously with the mailing of the Postcard Notice, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on the Settlement Website, www.WEBTOONSecuritiesSettlement.com, from which copies of the Notice and Claim Form (collectively, the "Notice Packet") can be downloaded.  In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over a national newswire service; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting, and publication.

8.    **<u>Approval of Form and Content of Notice</u>** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached hereto as Exhibits 1, 2, 3, and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and Notice Packet, the posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule

23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §77z-1, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed and/or emailed, posted, and published, respectively.

9.    **Nominee Procedures** – Nominees who purchased or otherwise acquired WEBTOON common stock traceable to the Registration Statement and Prospectus filed in connection with WEBTOON's IPO for the benefit of another person or entity shall: (a) within ten (10) calendar days of receipt of the Postcard Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Postcard Notice, send a list of the names, mailing addresses, and e-mail addresses (if available), of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners.  Upon full compliance with this Order, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10. **Third Party Notice Procedure** – Any Postcard Notice provided by a third party must include a link to the website www.WEBTOONSecuritiesSettlement.com, as well as contact information for the Claims Administrator.

11. **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. §1715, *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. §1715(b).

12. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than ninety (90) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

13. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found

in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by the Claims Administrator with supervision by Lead Counsel as necessary; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, its, or their current authority to act on behalf of the Settlement Class Member must be included in the Claim Form; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed.

14.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claims may be accepted for processing as set forth in paragraph 12 above.

15.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the Claims Administrator; and (b) each request for exclusion must (i) state the name, address, email address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name, telephone number, and email address of the appropriate contact

person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.)"; (iii) state the number of shares of WEBTOON common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on June 27, 2024 and (B) purchased or otherwise acquired pursuant or traceable to the Registration Statement and Prospectus filed in connection with WEBTOON's IPO, or on the open market between June 27, 2024 through September 5, 2024, and/or sold from June 27, 2024 through June 30, 2026, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  Copies of all requests for exclusion from the Settlement Class received by the Claims Administrator shall be provided to Lead Counsel and Defendants' Counsel on a rolling basis as received and no later than five (5) calendar days after the deadline for requesting exclusion.

16.    Any person or entity who or that timely and validly requests exclusion from the Settlement Class in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment from the Net Settlement Fund.

17.    Any Settlement Class Member who or that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and

judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

18. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may appear at the Settlement Hearing at his, her, its, or their own expense, individually or through counsel of his, her, its, or their own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

19. Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Robbins Geller Rudman & Dowd LLP | Kirkland & Ellis LLP |
| Attn: Ellen Gusikoff Stewart | Attn:  Austin Norris |
| 655 West Broadway, Suite 1900 | 2049 Century Park East, Suite 3700 |
| San Diego, CA  92101 | Los Angeles, CA  90067 |
| | |
| | Gibson, Dunn & Crutcher LLP |
| | Attn:  Jessica Valenzuela |
| | 310 University Avenue |
| | Palo Alto, CA  94301 |

20.     All written objections and supporting papers must: (i) clearly identify the case name, case number, and the Settlement (*Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.)); (ii) identify the name, address, email address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector is represented by counsel; (iii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) include documents sufficient to prove membership in the Settlement Class, including the number of shares of WEBTOON common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on June 27, 2024 and (B) purchased or otherwise acquired pursuant or traceable to the Registration Statement and Prospectus filed in connection with WEBTOON's IPO, or on the open market between June 27, 2024 through September 5, 2024, and/or sold from June 27, 2024 through June 30, 2026, as well as the dates, number of shares, and prices of each such purchase, acquisition, and sale; and (v) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected.  The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement

- 11 -

Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who intend to appear and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.     Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiff and all other members of the Settlement Class from prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees.

23.     **Notice and Administration Costs** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation.

24.     **Settlement Fund** – All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the

jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action immediately prior to their agreement-in-principle to resolve the claims asserted in the Action on June 30, 2026, as provided in the Stipulation.

27.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has

- 13 -

been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

28.    **<u>Plan of Allocation and Fee and Expense Application</u>** – Neither the Defendants' Releasees nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall

not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the Settlement of the Action.

29.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses, shall be approved.

30.    **Supporting Papers** – Lead Counsel shall file and serve its opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

IT IS SO ORDERED.

DATED: _____    _____
THE HONORABLE CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

Exhibit 1
Page 16

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*Please visit www.WEBTOONSecuritiesSettlement.com for more information.*

The parties in the action *Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.) ("Action") have reached a proposed settlement of claims pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Settlement") against Defendants WEBTOON Entertainment Inc. ("WEBTOON"), Junkoo Kim, David J. Lee, Haejin Lee, Namsun Kim, Jun Masuda, Isabelle Winkles, Nancy Dubuc (collectively, the "Individual Defendants"), Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc., Raymond James & Associates, Inc., and LionTree Advisors LLC (collectively, the "Underwriter Defendants," and together with WEBTOON and the Individual Defendants, "Defendants"). Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of the **Settlement Class:** all persons and entities who purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the Registration Statement issued in connection with WEBTOON's initial public offering ("IPO") (the "Settlement Class"). Please review the detailed Notice described below for additional information about the Settlement.

Pursuant to the Settlement, as reflected in the Stipulation and Agreement of Settlement, Defendants have agreed to cause to be paid **$10.05 million**. This amount, plus interest, after deduction of Court-awarded fees and expenses, administration costs, and taxes, will be allocated among members of the Settlement Class who submit valid Claims, in exchange for the Settlement and the release of all claims asserted in the Action and related claims. **For additional information and related settlement documents and procedures, please visit www.WEBTOONSecuritiesSettlement.com.** If you are a member of the Settlement Class, your *pro rata* share of the Settlement proceeds will depend on the number of valid Claims submitted, and your holdings and transactions in WEBTOON common stock. If all members of the Settlement Class elect to participate in the Settlement, the estimated average recovery will be approximately $0.45 per eligible share of WEBTOON common stock, before deduction of Court-approved fees and expenses. Your share of the proceeds from the Settlement will be determined by the Plan of Allocation set forth in the Notice, or as ordered by the Court.

**To qualify for payment(s), you must submit a valid Claim Form.** The Claim Form can be found and submitted on the website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by _____, 2026, to the Claims Administrator.** If you do not want to be legally bound by any releases, judgment, or orders in the Action, **you must exclude yourself** from the Settlement Class **by _____, 2026**. If you exclude yourself, you may be able to sue Defendants about the claims being resolved by the Settlement, but you cannot get money from the Settlement. If you want to object to any aspect of the Settlement, you must file and serve an objection **by _____, 2026**. The detailed Notice and the settlement website provide instructions on how to submit a Claim, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

Plaintiff and the Settlement Class are represented by Lead Counsel: Ellen Gusikoff Stewart, Esq., Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

4921-2113-9387.v3

Exhibit 1
Page 17

The Court will hold a hearing on _____, 2026, at __:__ _.m., to consider, among other things, whether to approve the Settlement. In advance of the hearing, Lead Counsel will move for awards of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and Litigation Expenses in an amount not to exceed $200,000, plus interest (equating to a cost of approximately $0.12 per eligible share of WEBTOON common stock). You may attend the hearing and ask to be heard by the Court, but you do not have to.  **For more information, contact the Claims Administrator at: WEBTOON** *Securities Settlement*, c/o Verita Global, P.O. Box 301135, Los Angeles, CA  90030-1135**, toll-free at 1-888-808-1914, or by visiting the website for the Settlement, www.WEBTOONSecuritiesSettlement.com.**

*COURT-ORDERED LEGAL NOTICE*

*Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.)

**Your legal rights may be affected by a securities class action. You may be eligible for a cash payment from the Settlement.**
**Please read this notice carefully.**
**For more information, please visit www.WEBTOONSecuritiesSettlement.com.**

# EXHIBIT 2

Exhibit 2
Page 19

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
ELLEN GUSIKOFF STEWART (144892)
ROBERT R. HENSSLER JR. (216165)
JOSEPH J. TULL (339956)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
elleng@rgrdlaw.com
bhenssler@rgrdlaw.com
jtull@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>WEBTOON ENTERTAINMENT INC., et al.,<br><br>                    Defendants. | Case No. 2:24-cv-07553-CBM-RAO<br><br>CLASS ACTION<br><br>NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES<br><br>EXHIBIT 2 |

Exhibit 2
Page 20

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the Registration Statement issued in connection with WEBTOON's initial public offering ("IPO").[1]

**NOTICE OF PROPOSED SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff Dr. Byung-Gon Sung ("Plaintiff"), on behalf of himself and the Settlement Class, and Defendants WEBTOON Entertainment Inc. ("WEBTOON" or the "Company"), Junkoo Kim, David J. Lee, Haejin Lee, Namsun Kim, Jun Masuda, Isabelle Winkles, Nancy Dubuc (collectively, the "Individual Defendants"), Goldman Sachs & Co. LLC, Morgan Stanley & Co. LLC, J.P. Morgan Securities LLC, Evercore Group L.L.C., Deutsche Bank Securities Inc., UBS Securities LLC, HSBC Securities (USA) Inc., Raymond James & Associates, Inc., and LionTree Advisors LLC (collectively, the "Underwriter Defendants," and together with WEBTOON and the Individual Defendants, "Defendants"), have reached a proposed settlement of the Action for $10,050,000.00 in cash ("Settlement"). The Settlement resolves Plaintiff's claims that Defendants allegedly violated the federal securities laws by making materially false and misleading statements and omissions in the Registration Statement filed in connection with the Company's IPO. ***Defendants deny any liability or wrongdoing***. The history of the Action and the claims being released by the Settlement are detailed in ¶¶6-13 and ¶¶26-27 herein.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act**.

- **Statement of the Settlement Class's Recovery:** Subject to Court approval, Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a cash payment of $10,050,000.00 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (defined below at ¶35) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation approved by the Court. The plan of allocation being proposed by Plaintiff ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share:** Based on Plaintiff's damages consultant's estimate of the number of shares of WEBTOON common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery (*before* deduction of any Court-approved attorneys' fees and expenses, taxes, and administration costs) will be approximately $0.45 per eligible share of WEBTOON common stock. **Settlement Class Members should note, however, that the foregoing**

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement, filed with the Court on August 7, 2026 ("Stipulation"). The Stipulation can be viewed at www.WEBTOONSecuritiesSettlement.com.

- 1 -

Exhibit 2
Page 21

**is only an estimate.** Some Settlement Class Members may recover more or less than this amount depending on: (i) when and the price at which they purchased or otherwise acquired their shares of WEBTOON common stock; (ii) whether they sold their shares of WEBTOON common stock; (iii) the total number and value of valid Claims submitted; (iv) the amount of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.

- **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share of WEBTOON common stock that would be recoverable if Plaintiff prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by the Settlement Class as a result of Defendants' conduct. Defendants deny any liability or wrongdoing.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Robbins Geller Rudman & Dowd LLP, has prosecuted this Action on a wholly contingent basis and has not received any attorneys' fees (or payment of expenses) for its representation of the Settlement Class. For its efforts, Lead Counsel will apply to the Court for attorneys' fees in an amount not to exceed 25% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $200,000, plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Settlement Class in accordance with 15 U.S.C. §77z-1(a)(4). If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be $0.12 per eligible share of WEBTOON common stock. **Please note that this amount is only an estimate**.

- **Identification of Attorneys' Representatives:** Plaintiff and the Settlement Class are represented by Ellen Gusikoff Stewart, Esq. of Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator toll-free at 1-888-808-1914; or by visiting the website for the Settlement, www.WEBTOONSecuritiesSettlement.com.

- **Reasons for the Settlement:** For Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and costs inherent in further litigation. Moreover, the cash benefit

- 2 -

4900-5341-9963.v3

Exhibit 2
Page 22

provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after further litigation, including discovery, class certification, summary judgment, trial, and appeals.  For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2026** | This is the only way to be eligible to receive a payment from the Settlement. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2026** | Get no payment from the Settlement.  This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2026** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses.  This will not exclude you from the Settlement Class. |
| **GO TO A HEARING ON _____ __, 2026, AT __:__ _.M.** | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
| **DO NOTHING** | Get no payment from the Settlement.  You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

- 3 -

**These rights and options – and the deadlines to exercise them – are further explained in this Notice.  <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2026,  at __:__ _.m. – is subject to change without further written notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing by video or telephonic conference.  If you plan to attend the hearing, you should check the website, www.WEBTOONSecuritiesSettlement.com, the Court's PACER site (*see* ¶62 below), or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

- 4 -

Exhibit 2
Page 24

| **WHAT THIS NOTICE CONTAINS** | |
|---|---|

| | |
|---|---|
| What Is The Purpose Of This Notice? | Page __ |
| What Is This Case About? | Page __ |
| Why Is This Case A Class Action? | Page __ |
| Why Is There A Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Settlement Class? | Page __ |
| How Are Settlement Class Members Affected By The Action | |
|    And The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |
|    How Will The Lawyers Be Paid? | Page __ |
| What If I Do Not Want To Be A Member Of The Settlement Class? | |
|    How Do I Exclude Myself? | Page __ |
| When And Where Will The Court Decide Whether To Approve | |
|    The Settlement? Do I Have To Come To The Hearing? | |
|    May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Do Nothing? | Page __ |
| What If I Bought WEBTOON Common Stock On Someone | |
|    Else's Behalf? | Page __ |
| Can I See The Court File? Who Should I Contact If I Have | |
|    Questions? | Page __ |
| Proposed Plan Of Allocation Of The Net Settlement Fund | |
| | Appendix A |

| **WHAT IS THE PURPOSE OF THIS NOTICE?** | |
|---|---|

1.       The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.       This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

- 5 -

3.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.    WEBTOON is a global digital storytelling platform that distributes comics and serialized content to users worldwide.  The Company was founded in Korea in 2005 as a way to share stories and comics with people around the world.

5.    In this Action, Plaintiff alleged that Defendants violated the federal securities laws by making materially false and misleading statements and omissions to investors regarding the Company's growth and revenue trends in the Registration Statement filed in connection with the Company's IPO.  Plaintiff further alleged that the value of WEBTOON common stock has declined substantially subsequent to the IPO as a result of Defendants' violations and that he and members of the Settlement Class have sustained damages.  Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Settlement Class.

6.    This Action was commenced on September 5, 2024, with the filing of a class action complaint, styled *Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO.  By Order dated December 16, 2024, the Court appointed Dr. Byung-Gon Sung as Lead Plaintiff and approved his selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel for the class.

7.    On February 3, 2025, Plaintiff filed the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint") on behalf of all purchasers of

- 6 -

Exhibit 2
Page 26

WEBTOON common stock traceable to the allegedly false and misleading Registration Statement filed in connection with WEBTOON's IPO. Plaintiff asserted: (i) claims under Section 11 of the 1933 Act against Defendants; and (ii) claims under Section 15 of the 1933 Act against WEBTOON and the Individual Defendants.

8. On March 4, 2025, Defendants moved to dismiss the Complaint. On March 11, 2025, Plaintiff opposed Defendants' motion to dismiss. On March 18, 2025, Defendants filed a reply in support of their motion to dismiss.

9. By Order dated December 2, 2025, the Court granted in part and denied in part Defendants' motion to dismiss the Complaint. Defendants answered the Complaint on January 9, 2026. The Parties then commenced discovery efforts and filed a Joint Report of Rule 26(f) Meeting on January 14, 2026.

10. The Parties agreed to participate in a private mediation before experienced mediator David Murphy of Phillips ADR Enterprises. On June 16, 2026, the Parties exchanged detailed mediation statements and accompanying exhibits that were also submitted to Mr. Murphy. A mediation session with Mr. Murphy was held on June 30, 2026. At the mediation session, the Parties engaged in vigorous settlement negotiations and ultimately were able to reach an agreement to resolve the claims asserted in the Complaint for $10.05 million.

11. On July 8, 2026, the Parties informed the Court of their agreement-in-principle to resolve all claims alleged in the Complaint.

12. After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on August 7, 2026. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.WEBTOONSecuritiesSettlement.com.

13. On _____, 2026, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

- 7 -

## WHY IS THIS CASE A CLASS ACTION?

14.     In a class action, one or more persons or entities (in this case, Plaintiff) sue on behalf of persons and entities that have similar claims.  Together, these persons and entities are a "class," and each is a "class member."  Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions.  One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

15.     Plaintiff and Lead Counsel believe that Plaintiff's claims against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue Plaintiff's claims, including complex merits and expert discovery, summary judgment, and trial, as well as the challenges Plaintiff would face in establishing liability and the Settlement Class's damages.

16.     In light of the risks of continued litigation, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.  Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims asserted in the Complaint would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

17.     Defendants have denied and continue to deny each and all of the claims asserted against them in the Complaint, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged.  Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, and risk of continued litigation.  Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by Defendants.

- 8 -

4900-5341-9963.v3

Exhibit 2
Page 28

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

18.    If there were no Settlement and Plaintiff failed to establish his claims against Defendants, neither Plaintiff nor the other Settlement Class Members would recover anything.  Also, if Defendants were successful in proving any of their defenses at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the Settlement Amount, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?

19.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded.  The Settlement Class consists of:

> **All persons and entities who purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the Registration Statement issued in connection with WEBTOON's initial public offering ("IPO").**

Excluded from the Settlement Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest, provided, however, that any "Investment Vehicle" shall not be excluded from the Settlement Class.  Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [___] below.

20.    **RECEIPT OF THIS NOTICE OR THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT.**

21.    If you are a Settlement Class Member and wish to be eligible to receive a payment from the Settlement, you must submit a Claim Form and the required supporting documentation set forth in the Claim Form postmarked (if mailed), or

- 9 -

online at www.WEBTOONSecuritiesSettlement.com, no later than _____ __, 2026.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
| --- |

22.    As a Settlement Class Member, you are represented by Plaintiff and Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

23.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?"

24.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

25.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action.  If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶26 below) against Defendants and the other Defendants' Releasees (as defined in ¶27 below), and shall forever be barred and

- 10 -

4900-5341-9963.v3

Exhibit 2
Page 30

enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

26.    "Released Plaintiff's Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description, including both known and Unknown Claims, as defined below, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether direct, representative, class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, whether contingent or absolute, whether concealed or hidden, that Plaintiff or any other member of the Settlement Class: (i) asserted in any complaint filed in the Action, including for the avoidance of doubt, all claims dismissed in the Court's order dated November 14, 2025, granting in part Defendants' motion to dismiss, as amended on December 2, 2025; or (ii) could have asserted in any court or forum that arise out of, are based upon, or relate in any way to the same allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or acquisition, holding, sale, or disposition of WEBTOON common stock pursuant to or traceable to the Registration Statement issued in connection with WEBTOON's IPO.  Released Plaintiff's Claims shall not include: (i) any claims relating to the enforcement of the Settlement; (ii) the claims which have been or which may be alleged in *Cheung v. Kim*, 2:24-cv-09915-CBM-RAO (C.D. Cal.), *Lee v. Kim*, 2:26-cv-04824-CBM-RAO (C.D. Cal.), or in any subsequent action alleging derivative claims on behalf of WEBTOON; or (iii) any claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.  The exclusion of derivative claims shall not constitute an admission that any such claim has merit, and Defendants reserve all defenses to any such claim.

- 11 -

Exhibit 2
Page 31

27.    "Defendants' Releasees" means Defendants and each of Defendants' respective former, present, and future controlling persons, direct and indirect parent companies, associates, entities, and shareholders, subsidiaries, divisions, affiliates, and related entities, and each of their respective former, present, and future employees, members, managers, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such.

28.    "Unknown Claims" means any Released Plaintiff's Claims which Plaintiff or any other Settlement Class Member(s) do not know or suspect to exist in his, her, its, or their favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, it, or them, might have materially affected his, her, its, or their decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment to the fullest extent permitted by law, shall have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of

- 12 -

Exhibit 2
Page 32

executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Releasees acknowledge they may hereafter discover facts, legal theories, or authorities in addition to, or different from, those which any of them now knows or believes to be true with respect to the Action or the Released Claims, but the Parties shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

29.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, and Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶30 below) against Plaintiff and the other Plaintiff's Releasees (as defined in ¶31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, including both known and Unknown Claims, as defined above, whether arising under federal, state, local, common, statutory, administrative or

- 13 -

Exhibit 2
Page 33

foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. To the extent they exist, any rights under any policy of insurance, or any right to advancement, indemnification, contribution, reimbursement, or allocation of defense or settlement costs, including the Underwriter Defendants' continuing indemnity from WEBTOON or the Underwriter Defendants' rights and obligations to one another as provided in relevant agreements, are excluded from Released Defendants' Claims, and for the avoidance of doubt, Plaintiff, Plaintiff's Counsel, and the Settlement Class shall have no responsibility or liability with respect to such agreements.

31. "Plaintiff's Releasees" means Plaintiff, all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

**HOW DO I PARTICIPATE IN THE SETTLEMENT?
WHAT DO I NEED TO DO?**

32. To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return a Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.WEBTOONSecuritiesSettlement.com, no later than _____, 2026***. You can obtain a copy of the Claim Form on the website, www.WEBTOONSecuritiesSettlement.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-888-808-1914, or by

- 14 -

Exhibit 2
Page 34

emailing the Claims Administrator at info@WEBTOONSecuritiesSettlement.com. Please retain all records of your ownership of and transactions in WEBTOON common stock, as they may be needed to document your Claim. Neither the Parties nor the Claims Administrator have information about your transactions in WEBTOON common stock.

33. If you request exclusion from the Settlement Class or do not submit a timely and valid Claim, you will not be eligible to share in the Net Settlement Fund.

**HOW MUCH WILL MY PAYMENT BE?**

34. At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

35. Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $10,050,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

36. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

37. Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get

- 15 -

Exhibit 2
Page 35

back any portion of the Settlement Fund.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

38.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim postmarked or received on or before _____, 2026 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

39.    Participants in and beneficiaries of any WEBTOON employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of WEBTOON common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action.  They should include ONLY those shares of WEBTOON common stock purchased or otherwise acquired pursuant or traceable to the allegedly false and misleading Registration Statement filed in connection with WEBTOON's IPO outside of an Employee Plan.  Claims based on any Employee Plan(s)' purchases of eligible WEBTOON common stock pursuant or traceable to the allegedly false and misleading Registration Statement filed in connection with WEBTOON's IPO may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

40.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

41.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, its, or their Claim.

- 16 -

Exhibit 2
Page 36

42.    Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the allegedly false and misleading Registration Statement filed in connection with WEBTOON's IPO and were damaged as a result of such purchases, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

43.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Plaintiff and Lead Counsel.  At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation.  The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

44.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been paid for its litigation costs and expenses.  Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund.  At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $200,000, plus interest, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Settlement Class in accordance with 15 U.S.C. §77z-1(a)(4).

45.    Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____, 2026.  A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review on the website,

- 17 -

Exhibit 2
Page 37

www.WEBTOONSecuritiesSettlement.com, once it is filed.  The Court will determine the amount of any award of attorneys' fees or Litigation Expenses.  Such sums as may be approved by the Court will be paid from the Settlement Fund.  ***Settlement Class Members are not personally liable for any such fees or expenses***.

**WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?**

46.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails a letter requesting exclusion addressed to: *WEBTOON Securities Settlement*, c/o Verita Global, EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100.  The request for exclusion must be ***received* no later than _____, 2026**. You will not be able to exclude yourself from the Settlement Class after that date. Each letter requesting exclusion must: (i) state the name, address, email address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name, telephone number, and email address of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.)"; (iii) state the number of shares of WEBTOON common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on June 27, 2024 and (B) purchased or otherwise acquired pursuant or traceable to the allegedly false and misleading Registration Statement and Prospectus filed in connection with WEBTOON's IPO, or on the open market between June 27, 2024 through September 5, 2024, and/or sold from June 27, 2024 through June 30, 2026, as well as the dates, number of shares, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

- 18 -

4900-5341-9963.v3

Exhibit 2
Page 38

47.    A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in paragraph 46 and is received within the time stated above, or is otherwise accepted by the Court.

48.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees.  Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiff's Claims.  Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

49.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

50.    Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

51.    Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing.  You can participate in the Settlement without attending the hearing.

52.    **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class.  In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or

- 19 -

otherwise allow Settlement Class Members to appear at the hearing by video or telephone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket and the website, www.WEBTOONSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website www.WEBTOONSecuritiesSettlement.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.WEBTOONSecuritiesSettlement.com.**

53. The Settlement Hearing will be held on _____, 2026, at __:__ **_.m.**, before the Honorable Consuelo B. Marshall, United States District Court Judge for the Central District of California, either in person at the Felicitas and Gonzalo Mendez United States Courthouse, 350 W. 1st Street, Courtroom 8D, 8th Floor, Los Angeles, California 90012, or by telephone or videoconference (at the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

54. Any Settlement Class Member may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Court at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below *on or before _____, 2026*.

- 20 -

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Central District of California Felicitas and Gonzalo Mendez United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012 | Robbins Geller Rudman & Dowd LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | Kirkland & Ellis LLP Attn: Austin Norris 2049 Century Park East, Suite 3700 Los Angeles, CA 90067  Gibson, Dunn & Crutcher LLP Attn: Jessica Valenzuela 310 University Avenue Palo Alto, CA 94301 |

55.     Any objection, filings, and other submissions by the objecting Settlement Class Member must: (i) clearly identify the case name, case number, and the Settlement (*Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.)); (ii) identify the name, address, email address, and telephone number of the person or entity objecting and must be signed by the objector, even if the objector is represented by counsel; (iii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (iv) include documents sufficient to prove membership in the Settlement Class, including the number of shares of WEBTOON common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on June 27, 2024 and (B) purchased or otherwise acquired pursuant or traceable to the Registration Statement issued in connection with WEBTOON's initial public offering ("IPO"), or on the open market between June 27, 2024 through September 5, 2024, and/or sold from June 27, 2024 through June 30, 2026, as well as the dates, number of shares, and prices of each such purchase and sale; and (v) identify all class action settlements to which the objector or his, her, its, or their counsel have previously objected. The objecting Settlement Class Member shall provide documentation

- 21 -

Exhibit 2
Page 41

establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

56. **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

57. If you wish to appear and speak about your objection at the Settlement Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Settlement Hearing in *Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.) to the Court at the address set forth in ¶54 above so that it is *received* **on or before _____, 2026**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

58. **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

- 22 -

Exhibit 2
Page 42

## WHAT IF I DO NOTHING?

59.    If you do nothing, all of your Released Plaintiff's Claims (*see* ¶26 above) against Defendants and the other Defendants' Releasees will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT WEBTOON COMMON STOCK ON SOMEONE ELSE'S BEHALF?

60.    If you purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the allegedly false and misleading Registration Statement and Prospectus filed in connection with WEBTOON's IPO, for the beneficial interest of persons or entities other than yourself, you must either (i) within ten (10) calendar days of receipt of notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (ii) within ten (10) calendar days of receipt of notice, provide a list of the names, mailing addresses, and e-mail addresses, if available, of all such beneficial owners to notifications@veritaglobal.com. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice by mail or email to the beneficial owners you have identified on your list.  Upon full compliance with this Order, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred

- 23 -

Exhibit 2
Page 43

except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

61. Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.WEBTOONSecuritiesSettlement.com, by calling the Claims Administrator toll-free at 1-888-808-1914, or by emailing the Claims Administrator at info@WEBTOONSecuritiesSettlement.com.

**CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS?**

62. This Notice summarizes the proposed Settlement.  For the full terms and conditions of the Settlement, please review the Stipulation at www.WEBTOONSecuritiesSettlement.com.  More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting, during regular business hours, the Office of the Clerk, United States District Court for the Central District of California, Felicitas and Gonzalo Mendez United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012.  Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted at www.WEBTOONSecuritiesSettlement.com.

63. All inquiries concerning this Notice and the Claim Form should be directed to:

*WEBTOON Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135
info@WEBTOONSecuritiesSettlement.com

and/or

- 24 -

4900-5341-9963.v3

Exhibit 2
Page 44

Robbins Geller Rudman & Dowd LLP
Ellen Gusikoff Stewart, Esq.
655 West Broadway, Suite 1900
San Diego, CA 92101
1-800-449-4900
settlementinfo@rgrdlaw.com

64.   **PLEASE DO NOT CALL OR WRITE THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THE SETTLEMENT, THIS NOTICE, OR THE CLAIMS PROCESS.**

DATED: _____                   BY ORDER OF THE COURT
                                           United States District Court
                                           Central District of California

- 25 -

4900-5341-9963.v3

Exhibit 2
Page 45

**APPENDIX A**

**PROPOSED PLAN OF ALLOCATION OF
THE NET SETTLEMENT FUND**

1.       As discussed above, the Settlement Amount of $10.05 million together with any interest earned thereon is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Costs, Taxes, and any other fees or expenses approved by the Court, is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants, *i.e.*, Settlement Class Members who timely submit valid Claim Forms that are accepted for payment by the Court, in accordance with a plan of allocation to be adopted by the Court. Settlement Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will nonetheless be bound by the Settlement.

2.       The Plan of Allocation (the "Plan") set forth herein is the plan that is being proposed to the Court for approval by Plaintiff.  The Court may approve the Plan with or without modification, or approve another plan of allocation, without further notice to the Settlement Class.  Any orders regarding a modification to the Plan will be posted to www.WEBTOONSecuritiesSettlement.com.

3.       The Plan is not a formal damages analysis.  The objective of the Plan is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Action.  The calculations made pursuant to the Plan are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members may have been able to recover after a trial.  Nor are the calculations pursuant to the Plan intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

4.       In this case, Plaintiff alleges that Defendants made materially false and misleading statements and omissions in the Registration Statement filed in connection with WEBTOON's IPO.  The Plan is intended to compensate investors who purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the allegedly false and misleading Registration Statement, and have a "Recognized Loss Amount" as described below.[2]

---

[2]       Any transactions in WEBTOON common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

- 26 -

5.      The Plan was developed in consultation with Plaintiff's damages consultant. In developing the Plan, Plaintiff's damages consultant utilized the statutory formula for quantifying §11 damages, as defined in §11(e) of the Securities Act of 1933. Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase of WEBTOON common stock pursuant or traceable to the allegedly false and misleading Registration Statement filed in connection with WEBTOON's IPO that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero. An Authorized Claimant's "Recognized Claim" under the Plan will be the sum of their Recognized Loss Amounts.

6.      For shares of WEBTOON common stock purchased or otherwise acquired in the Company's IPO, pursuant or traceable to the Registration Statement dated June 27, 2024, or on the open market thereafter through September 5, 2024, and:

(a) sold from June 27, 2024, through September 5, 2024,[3] the claim per WEBTOON share is the purchase price per share (not to exceed $21.00 per share), minus the sales price per share;

(b) sold from September 6, 2024, through June 30, 2026, the claim per WEBTOON share is the purchase price per share (not to exceed $21.00 per share), minus the greater of:
   a.  the sales price per share, or
   b.  $12.27 per share;[4]

(c) retained at the end of June 30, 2026, the claim per WEBTOON share is the purchase price per share (not to exceed $21.00 per share) minus $12.27 per share.

## ADDITIONAL PROVISIONS

7.      For the purposes of calculations under this Plan, "purchase price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

8.      A purchase or sale of WEBTOON common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of

---

[3]      On September 5, 2024, Plaintiff filed the first complaint.

[4]      The amount of $12.27 per share represents WEBTOON's September 5, 2024, closing price (date when the first complaint was filed).

- 27 -

Exhibit 2
Page 47

WEBTOON common stock shall not be deemed a purchase or sale of the security for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase of the security unless (i) the donor or decedent purchased or otherwise acquired such WEBTOON common stock pursuant or traceable to the Registration Statement filed in connection with WEBTOON's IPO; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to that security; and (iii) it is specifically so provided in the instrument of gift or assignment.

9.      The Recognized Loss Amount on any portion of a purchase that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

10.      WEBTOON common stock is the only security eligible for recovery under the Plan.  Option contracts to purchase or sell WEBTOON common stock are not securities eligible to participate in the Settlement.  With respect to WEBTOON shares purchased or sold through the exercise of an option, the purchase/sale date of such share is the exercise date of the option and the purchase/sale price is the exercise price of the option.

11.      The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claim.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  Distributions will be rounded to the nearest penny ($0.01).

12.      If an Authorized Claimant's Distribution Amount calculates to be less than $10.00, no distribution will be made to that Authorized Claimant.  Those funds will be included in the distribution to Authorized Claimants whose Distribution Amount is $10.00 or more.

13.      Distributions will be made to Authorized Claimants after all Claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved.  If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to

- 28 -

Exhibit 2
Page 48

distribute to Settlement Class Members.  Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to non-sectarian, not-for-profit 501(c)(3) organization(s), to be recommended by Lead Counsel.

14.    Payment pursuant to the Plan set forth above shall be conclusive against all Claimants.  No person shall have any claim against Plaintiff, Plaintiff's Counsel, Plaintiff's damages consultant, the Defendants, Defendants' Counsel, any of the other Plaintiff's Releasees or Defendants' Releasees, the Claims Administrator, or other agent designated by Lead Counsel based on distributions made substantially in accordance with: the Stipulation and the Settlement contained therein, the Plan, or further orders of the Court.  Plaintiff, Defendants, their respective counsel, and all other Releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of taxes; or any losses incurred in connection therewith.

- 29 -

# EXHIBIT 3

Exhibit 3
Page 50

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
ELLEN GUSIKOFF STEWART (144892)
ROBERT R. HENSSLER JR. (216165)
JOSEPH J. TULL (339956)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
elleng@rgrdlaw.com
bhenssler@rgrdlaw.com
jtull@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> WEBTOON ENTERTAINMENT INC., et al., <br><br> Defendants. | Case No. 2:24-cv-07553-CBM-RAO <br><br> <u>CLASS ACTION</u> <br><br> SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES <br><br> EXHIBIT 3 |

**TO:    All persons and entities who purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the Registration Statement issued in connection with WEBTOON's initial public offering ("IPO")**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A PENDING CLASS ACTION LAWSUIT.**

**YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Central District of California that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement, except for certain persons and entities who are excluded from the Settlement Class by definition as set forth in the Stipulation and Agreement of Settlement dated August 7, 2026 ("Stipulation") and the detailed notice for the Settlement ("Notice"). The Stipulation and the Notice can be viewed on the website www.WEBTOONSecuritiesSettlement.com.

**YOU ARE ALSO NOTIFIED** that the parties to the Action have reached a proposed settlement ("Settlement") in the amount of $10.05 million in cash.  If approved, the Settlement will resolve all claims in the Action.

A hearing will be held in the Action on _____, 2026, at __:__ _.m., before the Honorable Consuelo B. Marshall, United States District Court Judge for the Central District of California, either in person at the Felicitas and Gonzalo Mendez United States Courthouse, 350 W. 1st Street, Los Angeles, California 90012, in Courtroom 8D, 8th Floor, or by telephone or videoconference (in the discretion of the Court), to determine whether: (i) for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Class and Lead Plaintiff Dr. Byung-Gon Sung ("Plaintiff") and Lead Counsel Robbins Geller Rudman & Dowd LLP should be appointed as class representative and class counsel, respectively, for the Settlement Class; (ii) the Settlement should be approved as fair, reasonable, and adequate; (iii) the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation (and in the Notice described

- 1 -

Exhibit 3
Page 52

below) should be entered; (iv) the proposed Plan of Allocation for the net proceeds of the Settlement should be approved as fair and reasonable; and (v) Lead Counsel's application for an award of attorneys' fees and expenses and a compensatory award to Plaintiff should be approved.  Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website for the Settlement, www.WEBTOONSecuritiesSettlement.com.

*If you are a member of the Settlement Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Settlement proceeds*.  This notice provides only a summary of the information contained in the detailed Notice for the Settlement.  You may obtain copies of the Notice, along with the Claim Form, on the website for the Settlement, www.WEBTOONSecuritiesSettlement.com.  You may also obtain copies of the detailed Notice and Claim Form by contacting the Claims Administrator at *WEBTOON Securities Settlement*, c/o Verita Global, P.O. Box 301135, Los Angeles, CA  90030-1135.

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online* at www._____.com, *no later than _____, 2026*, in accordance with the instructions set forth in the Claim Form.  If you submit a Claim Form, your eligibility to receive a payment will be assessed in connection with the Settlement.  If you are a member of the Settlement Class and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received no later than _____, 2026*, in accordance with the instructions set forth in the

- 2 -

Exhibit 3
Page 53

detailed Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any releases, judgment, or orders entered by the Court in the Action, and you will not be eligible to share in the net proceeds of the Settlement.  Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation (as contained in the Notice), and/or Lead Counsel's motion for attorneys' fees and expenses, must be filed with the Court and delivered to the respective counsel at the addresses and in the forms specified in the detailed Notice such that they are ***received no later than _____, 2026***, in accordance with the instructions set forth in the detailed Notice.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**  All questions about this notice, the Settlement, or your eligibility to participate in the Settlement should be directed to the counsel set forth below or the Claims Administrator.

Requests for the detailed Notice and Claim Form should be made to the Claims Administrator:

*WEBTOON Securities Settlement*
c/o Verita Global
P.O. Box 301135
Los Angeles, CA  90030-1135
info@WEBTOONSecuritiesSettlement.com
1-888-808-1914

- 3 -

4938-8799-8139.v3

Exhibit 3
Page 54

Inquiries, other than requests for the detailed Notice and Claim Form, may be made to Lead Counsel as follows:

Ellen Gusikoff Stewart, Esq.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
1-800-449-4900
settlementinfo@rgrdlaw.com

- 4 -

4938-8799-8139.v3

Exhibit 3
Page 55

# EXHIBIT 4

Exhibit 4
Page 56

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
ELLEN GUSIKOFF STEWART (144892)
ROBERT R. HENSSLER JR. (216165)
JOSEPH J. TULL (339956)
RACHEL C. BRABY (356720)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
elleng@rgrdlaw.com
bhenssler@rgrdlaw.com
jtull@rgrdlaw.com
rbraby@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| COY BROOKMAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:24-cv-07553-CBM-RAO |
| Plaintiff, | CLASS ACTION |
| vs. | PROOF OF CLAIM AND RELEASE FORM |
| WEBTOON ENTERTAINMENT INC., et al., | EXHIBIT 4 |
| Defendants. | |

4896-5063-8267.v3

Exhibit 4
Page 57

# PROOF OF CLAIM AND RELEASE FORM

In order to be potentially eligible to receive a share of the net settlement proceeds in connection with the proposed settlement ("Settlement") reached in the class action lawsuit *Coy Brookman, Individually and on Behalf of All Others Similarly Situated v. WEBTOON Entertainment Inc., et al.*, Case No. 2:24-cv-07553-CBM-RAO (C.D. Cal.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online via the website, www.WEBTOONSecuritiesSettlement.com, **postmarked (or received) no later than _____, 2026**.

Failure to submit your Claim Form by the date above will subject your Claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth below, or online at www.WEBTOONSecuritiesSettlement.com.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT INFORMATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN WEBTOON COMMON STOCK** | __ |
| **PART IV - RELEASE OF CLAIMS AND SIGNATURE** | __ |

## PART I – GENERAL INSTRUCTIONS

It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("Notice"), including the proposed plan of allocation set forth therein. The Notice is available for review and download on the website www.WEBTOONSecuritiesSettlement.com. The Notice describes the proposed Settlement, how members of the Settlement Class are affected by the Settlement, and the manner in which the net settlement proceeds for the Settlement will be distributed if the Settlement and proposed plan of allocation receive final court approval. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

1.    This Claim Form is directed to the following class:

All persons and entities who purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the Registration Statement issued in connection with WEBTOON's initial public offering ("IPO") (the "Settlement Class").

- 1 -

4896-5063-8267.v3

Exhibit 4
Page 58

Certain persons and entities are excluded from the Settlement Class by definition as forth in ¶19 of the Notice.

2.    By submitting this Claim Form, you are making a request to share in the proceeds of the Settlement described in the Notice.  IF YOU ARE <u>NOT</u> A MEMBER OF THE SETTLEMENT CLASS, OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS, DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.**  THUS, IF YOU EXCLUDED YOURSELF FROM THE SETTLEMENT CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

3.    **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the net settlement proceeds will be governed by the proposed Plan of Allocation for the Settlement as set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

4.    Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of WEBTOON common stock.  On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of WEBTOON common stock, whether such transactions/holdings resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

5.    Only WEBTOON common stock purchased or otherwise acquired pursuant or traceable to the allegedly false and misleading Registration Statement and Prospectus filed in connection with WEBTOON's IPO, or on the open market between June 27, 2024 through September 5, 2024, and/or sold from June 27, 2024 through June 30, 2026, is potentially eligible under the Settlement.  **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

6.    You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of WEBTOON common stock set forth in the Schedule of Transactions in Part III of this Claim Form.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in the eligible securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

- 2 -

7.      All joint beneficial owners each must sign this Claim Form, and their names must appear as "Claimants" in Part II of this Claim Form.  The complete name(s) of the beneficial owner(s) must be entered.  If you purchased or otherwise acquired WEBTOON common stock during the relevant time periods and/or held the securities in your name, you are the beneficial owner as well as the record owner.  If you purchased, acquired, or held WEBTOON common stock during the relevant time periods and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner.  The beneficial owner, not the record owner, must sign this Claim Form.

8.      **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions/holdings of just one of the joint owners, and an individual should not combine his or her IRA transactions/holdings with transactions/holdings made/held solely in the individual's name).  Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions/holdings made/held by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions/holdings made/held in all accounts on one Claim Form).

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, email address, and telephone number of the beneficial owner of the eligible securities (or other person or entity on whose behalf they are acting with respect to); and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.     If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the proposed Plan of Allocation set forth in the Notice (or such other plan of allocation as the Court may approve) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

11.     **PLEASE NOTE**: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the net settlement proceeds. Specifically, payment amounts will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim (calculated pursuant to the Plan of Allocation) divided by the total Recognized Claims of all Authorized

- 3 -

Claimants (calculated pursuant to the Plan of Allocation), multiplied by the total amount in the Net Settlement Fund. If the prorated payment amount to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

12. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or copies of the Notice, you may contact the Claims Administrator, WEBTOON *Securities Settlement*, c/o Verita Global, P.O. Box 301135, Los Angeles, CA 90030-1135, or by email at info@WEBTOONSecuritiesSettlement.com, or by toll-free phone at 1-888-808-1914, or you can visit the website maintained by the Claims Administrator, www.WEBTOONSecuritiesSettlement.com, where copies of the Claim Form and Notice are available for downloading.

13. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the website for the Settlement.) All such Representative Filers MUST also submit a manually signed paper Claim Form, whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. To obtain the *mandatory* electronic filing requirements and file layout, you may visit the Settlement website at www.WEBTOONSecuritiesSettlement.com or you may email the Claims Administrator's electronic filing department at edata@veritaglobal.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one Claim should be submitted for each separate legal entity (*see* ¶8 above) and the *complete* name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶7 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@veritaglobal.com to inquire about your file and confirm it was received.**

14. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their Claims online using the electronic version of the Claim Form hosted at www.WEBTOONSecuritiesSettlement.com. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your Claim as a Representative Filer, please contact the Claims Administrator. If you are not a Representative Filer, but your Claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

- 4 -

## PART II – CLAIMANT INFORMATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name       Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                          State     Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                        Telephone Number (work)

Email address

Account Number (where securities were traded)[1]

---

[1] If the account number is unknown, you may leave blank. If filing for more than one account for the same legal entity you may write "multiple." Please *see* ¶8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

- 5 -

4896-5063-8267.v3

Exhibit 4
Page 62

Claimant Account Type (check appropriate box)
☐  Individual (includes joint owner accounts)
☐  Pension Plan
☐  Trust
☐  Corporation
☐  Estate
☐  IRA/401K
☐  Other _____ (please specify)

- 6 -

4896-5063-8267.v3

Exhibit 4
Page 63

## PART III – SCHEDULE OF TRANSACTIONS IN WEBTOON COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired WEBTOON common stock pursuant or traceable to the allegedly false and misleading Registration Statement and Prospectus filed in connection with WEBTOON's IPO, or on the open market between June 27, 2024 through September 5, 2024, both dates inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶6, above.

| 1. HOLDINGS AS OF JUNE 27, 2024 – State the total number of shares of WEBTOON common stock held as of the opening of trading on June 27, 2024. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS PURSUANT OR TRACEABLE TO THE ALLEGEDLY FALSE AND MISLEADING REGISTRATION STATEMENT AND PROSPECTUS FILED IN CONNECTION WITH WEBTOON'S IPO, OR ON THE OPEN MARKET BETWEEN JUNE 27, 2024 THROUGH SEPTEMBER 5, 2024, INCLUSIVE** – Separately list each and every purchase and acquisition (including free receipts) of WEBTOON common stock in the IPO or from after the opening of trading on June 27, 2024 through and including the close of trading on September 5, 2024. (Must be documented.)[2]

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, taxes, and commissions) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |
| /     / | | $ | $ | ○ |

---

[2]    **Please note**: Information requested with respect to your purchases/acquisitions of WEBTOON common stock from after the opening of trading on June 27, 2024 through and including the close of trading on September 5, 2024 is needed in order to perform the necessary calculations for your Claim.

- 7 -

4896-5063-8267.v3

Exhibit 4
Page 64

| **3.  SALES BETWEEN JUNE 27, 2024 AND JUNE 30, 2026, INCLUSIVE** – Separately list each and every sale/disposition (including free deliveries) of WEBTOON common stock from after the opening of trading on June 27, 2024, through and including the close of trading on June 30, 2026.  (Must be documented.) | | | | **IF NONE, CHECK HERE** ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding fees, taxes, and commissions) | Confirm Proof of Sales Enclosed |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| /      / | | $ | $ | ○ |
| **4.  HOLDINGS AS OF JUNE 30, 2026** – State the total number of shares of WEBTOON common stock held as of the close of trading on June 30, 2026.  (Must be documented.)  If none, write "zero" or "0."  _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.   IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX**

☐

- 8 -

Exhibit 4
Page 65

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms more fully set forth in the Stipulation and Agreement of Settlement dated August 7, 2026, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees (to the extent I have not validly excluded myself from the Settlement Class).

### CERTIFICATION

By signing and submitting this Claim Form, the Claimant(s) or the person(s) who represent(s) the Claimant(s) agree(s) to the releases above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice, the Stipulation, and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the Claimant(s) is a (are) member(s) of the Settlement Class, as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3.    that the Claimant(s) has (have) **not** submitted a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the WEBTOON common stock identified in the Claim Form and have not assigned the claim against Defendants or any of the other released parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the Claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions/holdings of WEBTOON common stock and knows (know) of no other person having done so on the Claimant's (Claimants') behalf;

6.    that the Claimant(s) submit(s) to the jurisdiction of the Court with respect to Claimant's (Claimants') Claim and for purposes of enforcing the releases set forth herein;

7.    that I (we) agree to furnish such additional information with respect to this Claim as counsel, the Claims Administrator, or the Court may require;

- 9 -

4896-5063-8267.v3

Exhibit 4
Page 66

8.     that the Claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9.     that I (we) acknowledge that the Claimant(s) will be bound by and subject to the terms of any judgment that may be entered in the Action; and

10.     that the Claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the Claimant(s) is (are) exempt from backup withholding or (b) the Claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the Claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the Claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                          Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                       Date

_____
Print joint claimant name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

- 10 -

4896-5063-8267.v3

Exhibit 4
Page 67

Signature of person signing on behalf of claimant                                    Date

Print name of person signing on behalf of claimant here

**Capacity of person signing on behalf of claimant, if other than an individual,** *e.g.***, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant –** *see* **¶9 on page __ of this Claim Form.)**

- 11 -

4896-5063-8267.v3

Exhibit 4
Page 68

**REMINDER CHECKLIST**

1. Sign the above releases and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days. Your Claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-888-808-1914.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@WEBTOONSecuritiesSettlement.com, or by toll-free phone at 1-888-808-1914 or you may visit www.WEBTOONSecuritiesSettlement.com. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE VIA THE WEBSITE WWW.WEBTOONSECURITIESSETTLEMENT.COM, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ , 2026.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*WEBTOON Securities Settlement*
c/o Verita Global
P.O. Box 301135
Los Angeles, CA 90030-1135

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ , 2026, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

- 12 -